|, McKAY, Judge.
The appellants, Gwendolyn Alexander and Fred Alexander, et ah, appeal the judgment of the trial court, denying then-motion for new trial and finding their action against the defendants, Liberty Terrace Subdivision Inc., et al., had been abandoned pursuant to La. C.Civ. Pro. Art. 561.
FACTS AND PROCEDURAL HISTORY
The plaintiffs filed a suit for damages on December 6, 1985, alleging claims in redhi-bition, quanti minoris, tort, and/or contracts related to the purchase of homes in Liberty Terrace Subdivision. This suit involved the construction, sale and financing of twenty-six separate townhomes. The plaintiffs filed a first amending and supplemental petition on March 18, 1986. The defendants answered the lawsuit on March 25, 1994. On November 3, 1998, the defendants filed an ex parte motion to dismiss the suit based on La. C. Civ. Pro. article 561. On November 25, 1998, the plaintiffs filed an application for a new trial. A hearing 1 ¡was held on March 25, 1999, and the trial court rendered a judgment denying the plaintiffs motion for new trial. There is nothing more on the record evidencing steps toward prosecution and we affirm the judgment of the trial court.
ASSIGNMENT OF ERROR
The plaintiffs claim two errors:
1. The trial court erred in denying plaintiffs’ application for a new trial despite the fact the case was filed when the abandonment period, pursuant to Article 561 of the Code of Civil Procedure, was five years had elapsed since the last step in the prosecution or defense of the case.
2. The trial court erred in finding that written communication between counsel revoking a settlement offer is not a step in the prosecution or defense of a suit to preclude abandonment.
The 1997 La. Acts 1221, § 1, amended Article 561 by shortening the abandonment period from five to three years. The delayed implementation date provided in the amendment to Article 561 gave advance notice to those who might be affected by the change in the law and afforded them the opportunity to take whatever actions were necessary to preserve their rights. The retroactive application of Article 561 was upheld recently by this Court in Matthews v. Fontenot, 99-0484 (La.App. 4 Cir. 9/29/99), 745 So.2d 691, 693. Further *64 more, our brethren at the 5 th Circuit have also upheld the retroactivity of Article 561, in Dempster v. La. Health Services & Indemnity Co., 98-1112 (La.App. 5 Cir. 3/10/99), 730 So.2d 524, writ denied, 98-1319 (La.7/2/99), 747 So.2d 20.
Article 561 of the Code of Civil Procedure previously provided that “a[n] action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years.” The 1997 La. Acts 1221, § 1, approved July 15, 1997. Section 2 of this amending provision stated that “This Act shall become effective on July 1, 1998, and shall apply to all pending actions.” Accordingly, all cases pending on July 1, 1998, are subject to the revisions to Article 561.
In 1994, the Louisiana Supreme Court decided Segura v. Frank, 630 So.2d 714 (La.1994). In that decision, the Court said:
In determining whether laws may be applied retroactively, we are guided by La. C.C. art. 6, which provides:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary...
“La. C.C. art. 6, requires that we engage in a two-fold inquiry. First we must ascertain whether in the enactment the legislature expressed its intent regarding retrospective or prospective application. If the legislature did so, our inquiry is at an end. If the legislature did not, we must classify the enactment as substantive, procedural or interpretive... Substantive laws establish new rules, rights, and duties or change existing ones. St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809, 817 (La.1992); Ardoin v. Hartford Acc. & Indemnity Co., 360 So.2d 1331, 1339 (La.1978). Procedural laws prescribe a method for enforcing a substantive right and relate to the form of proceeding or the operation of law. Graham v. Sequoya Corp., 478 So.2d 1223, 1226 (La.1985).
Dempster v. Louisiana Health Services & Indemnity Co., at 525
The policy underlying this requirement is to prevent protracted litigation, which is filed for purposes of harassment or without serious intent to hasten the claim to the judgment. Viesel v. Republic Ins. Co., 95-0244 (La.App. 4 Cir. 11/30/95), 665 So.2d 1221, writ denied 95-3099 (La.2/16/96), 677 So.2d 1058.
The record indicates that the suit was filed, on December 6, 1985. Clearly, this suit was pending on the effective date to the amendment of this article. Therefore, it falls within the category of cases the Legislature intended to subject to the reduced period provided in the amendment. Furthermore, the amending legislation was approved with almost a full year’s delay before it became effective. Therefore, we must reject the plaintiffs’ contention that the “retroactive” application of the amended Article deprives them of their vested cause of action without due process. This assignment is without merit.
Plaintiffs also claim that a correspondence sent to them by defense counsel constituted a step in the prosecution of the matter, thus interrupting the abandonment time limit.
Article 561 requires that the plaintiffs show three specific things to interrupt abandonment: (1) that they took some step in the prosecution of their lawsuit; (2) they did so on the record in the trial court: (3) that they did so within the legislatively prescribed time period of the last step taken by either party. Haley v. Galuszka, 98-2854 (La.App. 4 Cir. 9/8/99), 744 So.2d 170; D and S Builders, Inc., v. Mickey Construction, 524 So.2d 245, 246 (La.App. 5 Cir.1988); Delta Development Co., Inc. v. Jurgens, 456 So.2d 145 (La.1984). Furthermore, our Louisiana Supreme Court has held that settlement negotiations, and *65 in particular, the withdrawal of a settlement offer does not constitute a step in the prosecution or defense of the suit sufficient to preclude abandonment. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983).
The plaintiffs contend that correspondence dated October 21, 1995, revoking all previous settlement authority was a step in the prosecution of the matter. We disagree. The mere mailing of correspondence informing plaintiffs counsel that due to recent acquisitions, Regions Bank was replacing SECOR Bank as the financial institution that has authority to settle the claim is not a step in the prosecution or defense of a lawsuit. This correspondence cannot be construed to be “formal discovery” as envisioned by the liberal construction of the amended Article 561. Based on the particular form of correspondence, in this case the sending of a letter which was merely updating information, is an act outside of the record and merely extrinsic evidence being used in an attempt to defeat the abandonment of the action on the part of the plaintiffs. When the trial court was presented with the defendants’ motion for dismissal for abandonment, there was nothing in the record to show that any step or action in the prosecution of the case had occurred for over three years. Consequently, this case was properly dismissed as abandoned pursuant to Article 561. The mailing of informal correspondence cannot be construed as formal discovery and is insufficient to prevent abandonment or interruption of prescription in relationship to Article 561. This assignment of error lacks merit.
For the aforementioned reasons, the district court’s judgment is affirmed. Costs of the appeal are assessed to the appellants.
AFFIRMED.