826 So.2d 568 (2002)
James MADISON
v.
TOURO INFIRMARY, James Laborde, M.D., and American Continental Insurance Company.
No. 2002-CA-0799.
Court of Appeal of Louisiana, Fourth Circuit.
August 14, 2002.
*569 Dewayne L. Williams, Darryl Harrison, Bernard L. Charbonnet, Jr., Law Office of Bernard L. Charbonnet, Jr., New Orleans, LA, for Plaintiff/Appellant.
C. William Bradley, Jr., J. Don Kelly, Jr., Lemle & Kelleher, L.L.P., New Orleans, LA, for Appellee.
Court composed of Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, and Judge DAVID S. GORBATY.
MICHAEL E. KIRBY, Judge.
The plaintiff seeks review of the trial court's denial of his motion to set aside the judgment of dismissal based upon abandonment.
The plaintiff initially filed a medical malpractice action against the defendants, Touro Infirmary, James Laborde, M.D., and American Continental Insurance Company. The plaintiff filed a request for a medical review panel on February 25, 1994 and ultimately filed suit in Civil District Court for the Parish of Orleans on November 16, 1995. The defendants answered the suit and subsequently filed motions for summary judgment. On April 7, 1997, the trial court rendered judgment granting Touro's motion for summary judgment but denying Laborde's motion for summary judgment. The record indicates that the last activity in the case occurred on March 17,1998 when Laborde was deposed. Laborde filed an ex parte motion and order to dismiss plaintiff's action as abandoned on August 8, 2001. The trial court signed the order dismissing plaintiff's action on August 10, 2001. The plaintiff filed a motion to set aside the judgment of dismissal on September 6, 2001. The trial court denied plaintiff's motion on October 16, 2001.
On appeal, the plaintiff contends that the trial court erred in concluding that the action was abandoned. The plaintiff argues that the trial court should have considered correspondence between the parties in December of 2000 as steps in the litigation. Specifically, the plaintiff suggests his correspondence, dated December 11, 2000, to defendant, seeking defendant's agreement to set the matter for trial, and defendant's correspondence, dated December 18, 2000, indicating that discovery was still outstanding, precluded the finding that the matter was abandoned.
La. C.C.P. article 561 provides in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding
* * *
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of *570 the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action....
Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step. Clark v. State Farm Mut. Auto. Ins. Co., 2000-30, pp. 5-6 (La.5/15/01), 785 So.2d 779, 783-784.
The Supreme Court further discussed the doctrine of abandonment in Clark:
Article 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order. To avoid a possible waiver of the right to assert abandonment, a defendant is instructed by Article 561 on the proper procedure to utilize to obtain an ex parte order of dismissal. If despite some action by defendant during the three-year period that arguably constitutes a waiver the judge signs the ex parte dismissal order, the proper procedural mechanism is for the plaintiff to "rule defendant into court to show cause why the ex parte dismissal should not be vacated, alleging ... the court inadvertently dismiss[ed] the suit without noticing that defendant has taken a step in the defense of the suit within the previous [three] years." La. C. Civ. Pro. art. 561, cmt. (c)(1960).
Construing Comment (c) to Article 561, former Justice (then Judge) Tate expounded that "an ex parte dismissal may be rescinded by rule to vacate it upon a showing that a cause outside the record prevented accrual of the five years required for abandonment." De-Clouet v. Kansas City Southern Railway Co., 176 So.2d 471, 476 (La.App. 3rd Cir.1965)(Tate, J., dissenting from denial of reh'g)(emphasis supplied). Only two categories of causes outside the record are permitted; namely, those causes falling within the two jurisprudential exceptions to the abandonment rule. Those two exceptions are: (1) a plaintiff-oriented exception, based on contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiffs control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.
Clark, pp. 6-7, 785 So.2d at 784-785.
In the present case, the last action documented in the record was the deposition of Dr. Laborde taken on March 17, 1988. The plaintiff suggests that the correspondence in December of 2000 should be considered as steps in the prosecution of the case. Plaintiffs argument is without merit. Jurisprudence has held that *571 "extrajudicial efforts", such as correspondence between the parties and informal settlement negotiations, are insufficient to constitute steps in the prosecution of the case. Clark, supra; Alexander v. Liberty Terrace Subdivision, Inc., 99-2171 (La. App. 4 Cir. 4/12/2000), 761 So.2d 62; Mariast & Lemmon, Louisiana Civil Law Treatise, Civil Procedure, § 10.4.
The plaintiff also contends that the defendant's refusal to set the matter for trial created circumstances beyond his control to prevent the delay in the prosecution of the case. However, there were other steps the plaintiff could have taken after the defendant refused to set the matter for trial. In the defendant's correspondence to plaintiff, defendant noted that plaintiff's responses to previously propounded interrogatories needed to be updated. Plaintiff could have filed supplemental answers to the interrogatories. This argument is without merit.
The trial court did not err when it denied plaintiff's motion to set aside the judgment of dismissal based upon abandonment. Accordingly, the trial court's ruling is affirmed.
AFFIRMED.