850 So.2d 998 (2003)
Willie B. MOORE, Plaintiff-Appellant,
v.
EDEN GARDENS NURSING CENTER, Defendant-Appellee.
No. 37,362-CA.
Court of Appeal of Louisiana, Second Circuit.
June 25, 2003.
*999 James D. Caldwell, Tallulah, for Appellant.
Cook, Yancey, King & Galloway, by: Sidney E. Cook, Jr., Shreveport, for Appellee R.D. Evans, Jr.
Before STEWART, CARAWAY and MOORE, JJ.
CARAWAY, J.
Following an abandonment ruling by the trial court, plaintiff appeals the dismissal of her suit for damages, claiming that the defendant's correspondence requesting a response to prior discovery constituted a "step" in the litigation proceedings. Finding that no step or waiver occurred, we affirm.

Facts and Procedural History
On March 18, 1998, Willie Moore[1] instituted suit against Eden Gardens Nursing Center for damages she allegedly sustained due to numerous falls while a resident at the facility. Eden Gardens answered the suit on April 15, 1998. Formal discovery requests were filed by Eden Gardens on May 27, 1998, interrogatories were propounded to Moore in April, 1999, and a physician's deposition was taken on May 26, 1999.
On June 7, 2002, Eden Gardens moved for dismissal on grounds of abandonment under La. C.C.P. art. 561, claiming that the deposition was the last step in the *1000 prosecution or defense of the matter. An ex parte order dismissing the action was signed by the trial court. On July 9, 2002, Moore filed a rule to vacate the order of dismissal. Her position rested upon an August 12, 1999 letter from defendant's counsel demanding responses to the interrogatories and threatening a motion to compel.
After receiving Moore's evidence and argument, the trial court denied Moore's rule to vacate. On appeal, Moore concedes that the last formal action of record occurred in excess of the three-year abandonment period. Nevertheless, she contends that the August 12,1999 letter from defense counsel to her lawyer "evinces an intent by the defendant to proceed with the case and demonstrated to the plaintiff that it had no intention of asserting abandonment."

Discussion
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. La. C.C.P. art. 561(A). As a general rule, formal action "before the court and on the record" is necessary for a "step" in the prosecution. Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983). However, there are exceptions to the general rule which allow for consideration of extrinsic evidence outside the suit record. La. C.C.P. art. 561(A)(2) authorizes the trial court to enter a formal order of dismissal on ex parte motion which provides that no step in the prosecution or defense of the action has been taken for a period of three years. Such an ex parte dismissal may be rescinded by opposition rule upon proof by extrinsic evidence of a permissible cause outside the record that prevented accrual of the required abandonment period.
Louisiana courts construe abandonment statutes liberally, in favor of maintaining a plaintiff's suit. An action should be dismissed for abandonment only when a plaintiff's inaction has clearly demonstrated his intent to abandon the action. State, DOTD v. Cole Oil and Tire Co., 36,122 (La.App.2d Cir.7/17/02), 822 So.2d 229, writ denied, 02-2325 (La.11/15/02), 829 So.2d 436.
The present dispute centers on an off-the-record action by the defendant involving its August 12, 1999 letter. The statutory and jurisprudential rules allowing evidence outside the suit record to establish discovery actions or a defendant's waiver will therefore determine whether abandonment occurred. Clark v. State Farm Mut. Aut. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779.
The Code of Civil Procedure provides that certain discovery, including interrogatories, answers thereto, requests for production or inspection and requests for admission and the responses thereto, and the taking of a deposition, with or without formal notice, qualify as steps in the prosecution of the action whether or not filed in the record. La. C.C.P. arts. 1474 and 1446(D). These provisions allow the use of extrinsic evidence of off-the-record discovery to establish a step in the proceeding which interrupts the abandonment period. La. C.C.P. art. 561(B); Mosley v. Missouri Pacific Railroad Co., 36,907 (La.App.2d Cir.3/5/03), 839 So.2d 1218.
Concerning actions involving the defendant's waiver, Chevron, supra, recognized that a defendant could waive abandonment by filing a motion for summary judgment after the five-year period had accrued but before the defendant moved for dismissal on abandonment grounds under La. C.C.P. art. 561. It is the qualitative effect of the steps taken by defendant which must be considered in a case-to-case approach to determine whether the defendant *1001 has waived abandonment. Gallagher v. Cook, 34,158 (La.App.2d Cir.12/15/00), 775 So.2d 79; Middleton v. Middleton, 526 So.2d 859 (La.App. 2d Cir.1988). Steps which have facilitated judicial resolution of the dispute on the merits and which could be construed as an expression of defendant's willingness or consent to achieve judicial resolution of the dispute are legally operative to preclude him from raising the claim of abandonment. Id. The defendant's actions amounting to waiver of the right to plead abandonment may occur before or after the abandonment period elapses. Clark, supra.
Moore relies on this court's recent case of Cole Oil, supra, in support of her position. The case involved expropriation proceedings filed by the DOTD. Discovery activity between the parties transpired until March 3, 1998, and a judgment of dismissal was entered three years later in March, 2001. Cole Oil sought to overturn the abandonment ruling, urging that the parties had continued discovery. Specifically, Cole Oil showed that during the three-year period, the DOTD notified Cole Oil that it had obtained a new appraiser and requested access to inspect the disputed property for the appraisal. Such actions, although informal, amounted to a discovery response and a discovery request by the defendant. This court, therefore, recognized the defendant as actively involved and participating by agreement with the plaintiff to move the case forward.
We find Moore's reliance upon Cole Oil in support of her position misplaced. Eden Garden's letter was not a new discovery action, falling within La. C.C.P. arts. 1474 and 1446. The letter was a follow up to its previous discovery action, to which Moore had not responded. As such, the letter was an action notifying Moore of her inaction in the case. The letter thus implicitly evoked the purpose of the abandonment statute, "that suits, once filed, should not indefinitely linger...." Clark, supra. Eden Garden's action, therefore, represented neither a specific discovery action which is recognized as a "step" preventing abandonment nor a waiver of the abandonment period which had begun to run because of Moore's inaction. See, Naccari v. Namer, 01-2410 (La.App. 4th Cir.2/6/02), 809 So.2d 1157 and Parson v. Daigle, 96-2569 (La. App. 1st Cir.12/29/97), 708 So.2d 746, 748.
For these reasons, we affirm the judgment dismissing the action on the grounds of abandonment. Costs of this appeal are assessed to Moore.
AFFIRMED.
NOTES
[1] No party has been substituted as plaintiff despite Moore's apparent death on February 17, 1999.