857 So.2d 1118 (2003)
Patricia M. WILLIAMS
v.
Stanley H. ABADIE, Nancy K. Harkess, Jane Willis, The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, John Doe, Richard Roe, Mary Moe, Peggy Poe, Susan Sew, Henrietta Hoe and Jenny Joe.
No. 2003-CA-0605.
Court of Appeal of Louisiana, Fourth Circuit.
September 24, 2003.
*1119 Lynn E. Williams, Jeffrey G. Rice, Williams Law Firm, Baton Rouge, LA, for Plaintiff/Appellant.
Phyllis Guin Cancienne, Steven F. Griffith, Jr., Locke, Liddell & Sapp, L.L.P., New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY and Judge MAX N. TOBIAS Jr.).
JOAN BERNARD ARMSTRONG, Judge.
This is an appeal from the dismissal of plaintiff's lawsuit as abandoned pursuant to La. C.C.P. art. 561. The trial court ruled that the dating and signing of a deposition was not a formal step in the prosecution or defense of the proceeding sufficient to interrupt the period of abandonment.
STATEMENT OF FACTS AND PROCEDURAL HISTORY:
Plaintiff/appellant, Patricia Williams, Ph. D., filed an employment discrimination action against defendants/appellees, her former employers, namely, Stanley H. Abadie, Ph.D., Louisiana State University, and others. Suit was filed on October 22, 1992 in the Civil District Court for the Parish of Orleans. On May 21, 1999, the deposition of Dr. Abadie was taken; but Dr. Abadie did not sign the deposition until August 10, 1999. On May 29, 2002, appellees filed a motion to dismiss the suit for abandonment pursuant to La. C.C.P. art. 561. May 29, 2002 was three years after the taking of the deposition, but not three years after the signing of the deposition. After a hearing on the matter, the trial court rendered judgment on October 24, 2002, granting appellees' motion and dismissing appellant's lawsuit with prejudice.
ASSIGNMENT OF ERROR:
In her sole assignment of error, the plaintiff-appellant argues that the trial court erred in not finding that Dr. Abadie's signing of his deposition was a positive act by a party and was therefore a formal step that interrupted the period of abandonment. More particularly, appellant submits that the deposition was not complete until the deponent signed the deposition. In support of that argument, appellant relies on La. C.C.P. art. 1445, which requires a deposition to be read and signed unless waived.
At issue here is La. C.C.P. art. 561, which provides, in pertinent part, that an action is deemed abandoned when the parties *1120 fail to take any step in the prosecution or defense in the trial court for a period of three years. Appellant contends that the jurisprudence has uniformly held that article 561 is to be liberally construed in favor of maintaining plaintiff's suit. Clark v. State Farm Mut. Auto. Ins. Co., XXXX-XXXX (La.5/15/01), 785 So.2d 779. More particularly, appellant asserts that the courts have held that the dismissal of a lawsuit is a harsh remedy; and as such, any step taken must be considered as positive and against abandonment. Manale v. Executive Healthcare Recruiters, Inc., 98-2652 (La.App. 4 Cir. 11/18/99), 747 So.2d 1200.
In opposition, appellees submit that the deposition of Dr. Abadie, taken on May 21, 1999, was the last formal step in the action prior to abandonment. Moreover, appellees argue that Dr. Abadie's signing of the deposition, some three months later, did not constitute a step in the prosecution of this matter as contemplated by law.
Appellees argue that in reference to abandonment, the language of article 561(B) is quite clear:
Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
As further support for the position that it is the taking of the deposition that constitutes a step in the proceedings, and not the signing, appellees cite La. C.C.P. art. 1446(D), which states:
The taking of a deposition shall be considered a step in the prosecution or defense of an action for the purposes of article 561, notwithstanding that the deposition is not filed in the record of the proceedings.
Appellees point out that both codal articles specifically state that it is the taking of a deposition, and not the signing of a deposition, that is the formal step in the prosecution or defense of an action. It is argued by appellees that the courts should assume that the legislature intended every word, phrase, and clause of a statute to have some meaning and effect. Elevating Boats, Inc. v. St. Bernard Parish, XXXX-XXXX (La.9/5/01), 795 So.2d 1153, 1166.
Appellees further contend that the purpose of article 561 is the prevention of protracted litigation filed for the purpose of harassment or without serious intent to hasten the claim to judgment. Bridges v. Wilcoxon, 34,660 (La.App. 2 Cir. 5/9/01), 786 So.2d 264, 267. With this purpose in mind, appellees point out that in the eleven years that this case has been pending, appellant noticed only one deposition, served very little written discovery, and filed no substantive motions. Appellees therefore submit that appellant has displayed no desire to hasten this matter to judgment.
DISCUSSION:
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. La. C.C.P. art. 561. The policy underlying this requirement is to prevent protracted litigation which is filed for purposes of harassment or without serious intent to hasten the claim to judgment. Viesel v. Republic Ins. Co., 95-0244 (La.App. 4 Cir. 11/30/95), 665 So.2d 1221; Brister v. Manville Forest Products, 32,386, 32-387 (La.App. 2 Cir. 12/15/99), 749 So.2d 881. However, the law favors, and justice requires, that an action be maintained whenever possible so that the aggrieved party has his day in court. Jones v. Phelps, 95-0607 (La.App. 1 Cir. 11/9/95), 665 So.2d 30. Article 561 is to be liberally interpreted, and any action or step taken to move the case toward *1121 judgment should be considered. The article was not intended to dismiss those cases in which the plaintiff has clearly demonstrated that he does not intend to abandon the action. Id.
This court is mindful of the liberal interpretation to be afforded article 561. However, given the delays and inaction apparent from the record, we do not find that appellant displayed a real intent to hasten this matter to conclusion.[1] More importantly, article 561(B) clearly dictates the abandonment period that this court must apply. The legislature amended article 561 specifically allowing the taking of a deposition to be considered a step in the prosecution or defense of an action. In reviewing the amendment to article 561, we must note that the legislature did not elect to make the dating and signing of a deposition a step in the action.
We agree with appellees argument as to the correct interpretation of article 561(B). When the words of a statute are clear and unambiguous, they must be applied as written. Elevating Boats; see also, La. R.S. 1:4. In construing legislative enactments, we must assume that the legislature intended every word, phrase, and clause to have some meaning and that none was inserted by accident. Id.; State v. Texas Co., 205 La. 417, 431, 17 So.2d 569, 573 (La.1944). Consequently, we will construe every provision of a statute in such a manner so as to give it some effect. City of Gretna v. Aetna Life Ins. Co., 206 La. 715, 727-28, 20 So.2d 1, 5 (La.1944). Above all else, interpretation must give a fair and reasonable meaning to the legislation so that the intent of the legislature is honored. J.M. Brown Const. Co., Inc. v. D M Mechanical Contractors, Inc., 275 So.2d 401, 404 (La.1973). Applying these principles to article 561(B), we find that the legislature intended that the taking of a deposition, not the signing, constitutes the formal step in the action for purposes of assessing the abandonment period.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TOBIAS, J., concurs.
TOBIAS, J., concurs.
I respectfully concur in the majority's reasons and conclusion that the plaintiff's case must be dismissed for abandonment pursuant to La. C.C.P. art. 561.
The trial court in the case at bar dismissed the plaintiff's case with prejudice. The plaintiff does not assign such as error. If a court fails to state whether a dismissal on the grounds of abandonment is with or without prejudice, it is presumed to be without prejudice. A dismissal on the grounds of abandonment pursuant to La. C.C.P. art. 561 should be without prejudice. Total Sulfide Services, Inc. v. Secorp Industries, Inc., 96-589 (La.App. 3 Cir. 12/11/96), 685 So.2d 514; De Salvo v. Waguespack, 187 So.2d 489 (La.App. 4 Cir. 1966); St. Tammany Parish Sewerage District No. 7 v. Monjure, 95-0937 (La. App. 1 Cir. 12/15/95), 665 So.2d 801. Since the plaintiff fails to assign such as error, we need not address the issue.
NOTES
[1] We note from a review of the record that appellant filed a motion to substitute counsel of record on April 5, 2000. It is well established that a motion to substitute counsel is not considered a step in the prosecution or defense of an action. James v. Formosa Plastics Corp. of Louisiana, 2001-2056 (La.4/3/02), 813 So.2d 335.