899 So.2d 802 (2005)
HICA STEEL FOUNDRY & UPGRADE CO., Plaintiff-Appellant,
v.
ARKLATEX ENVIRONMENTAL CONSULTANTS, INC. & John W. Storment, Defendants-Appellees.
No. 39,460-CA.
Court of Appeal of Louisiana, Second Circuit.
April 6, 2005.
*803 Lemle & Kelleher, L.L.P. by Robert W. Kyle, Shreveport, for Appellant.
Lunn, Irion, Salley, Carlisle & Gardner by Ronald E. Raney, Shreveport, for Appellees.
Before STEWART, PEATROSS & LOLLEY, JJ.
PEATROSS, J.
This appeal arises from a ruling in favor of Defendant/Appellees Arklatex Environmental Consultants, Inc. and John W. Storment collectively ("Arklatex"), denying a Motion to Set Aside an Ex Parte Interlocutory Order of Dismissal filed by Plaintiff/Appellant Hica Steel Foundry & Upgrade Company ("Hica"). From this ruling, Hica appeals. We affirm.

FACTS
This case involves allegations of negligence arising from environmental consulting services provided by Arklatex in connection with Hica's purchase and subsequent operation of a steel foundry located in Shreveport, Louisiana.
Nearly six years after the lawsuit was originally filed, Hica took the deposition of John Storment[1] over three non-consecutive days, the last two days of which were March 19 and 23, 2001. At the March 19 deposition, Mr. Storment elected to read and sign his deposition. Thereafter, the parties requested that Mr. Storment's depositions be transcribed by the court reporter.
On April 9, 2001, Arklatex's attorney sent a letter to Hica's attorney proposing a course of action for "aggressively moving the case toward conclusion." Included in this letter was the offer to arrange a meeting to develop a "discovery plan" and a conference for the purpose of identifying "only those witnesses and documents which are deemed absolutely necessary for completing discovery...." Arklatex's attorney also proposed a voluntary document production in this case for the purpose of efficiently completing discovery in the case.
*804 The transcription of the depositions was completed; and, in the time that followed their delivery, Hica sought to engage new counsel,[2] secure evidence of damages and secure a testifying expert. On April 6, 2004, Hica's attorney sent a letter to the district court for the purpose of setting a trial date for this case. Pursuant to this request, the district judge scheduled a telephone conference with the attorneys nine days later. During this conference, Arklatex's attorney advised that he was filing a Motion to Dismiss because of abandonment based on the fact that no action had been taken in the case since Mr. Storment's deposition  a period of more than three years. Arklatex filed the Motion to Dismiss the same day and received an Ex Parte Interlocutory Order of Dismissal four days later.
Hica filed a Motion to Set Aside the Interlocutory Order on May 24, 2004. In this motion, Hica asserted that the above-described actions (the deposition transcription, enrollment of a new attorney and the letter proposing a meeting) had taken place after Mr. Storment's deposition; and, accordingly, these events indicated that Hica never intended to abandon this action.
Hica's motion was argued and denied by the trial court. In the memorandum on this ruling, the district judge concluded that there was no action taken after Mr. Storment's final deposition that would have interrupted the accrual of the abandonment period. The district court, therefore, entered a formal order of dismissal on July 1, 2004. From this order Hica appeals.

DISCUSSION
Hica asserts the following three assignments of error:

Assignment of Error One: The completion of a deposition transcript is formal discovery expressly provided for in the Code of Civil Procedure, and, accordingly, the abandonment period runs anew from the date of submission of said transcript;

Assignment of Error Two: When a party proposes an expedited discovery plan for the express purpose of "aggressively moving the case to conclusion," it has expressed a willingness to achieve a resolution and interrupts abandonment;

Assignment of Error Three: The district court erred by dismissing this action as abandoned without finding an intent to abandon nor that the claim is not being seriously pursued.
Each of these assignments of error centers around the question of whether or not abandonment was interrupted by alleged "steps" in the litigation. We will, therefore, address all three assignments collectively.
Hica initially argues that the abandonment period was interrupted by, and began to run anew from, the delivery of the transcribed depositions by the court reporter. Hica further contends that its request for a trial date was made timely; and, accordingly, the matter was not abandoned. Arklatex argues, to the contrary, that Hica's claim that abandonment was interrupted because the court reporter did not complete the deposition transcription until May 4, 2001. Arklatex further states that, "[Hica] has cited no jurisprudence for such a position, and with good reason  there is none."
*805 Hica cites La. C.C.P. art 561(B), which provides:
Any formal discovery authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
It further states that any action taken in compliance with La. C.C.P. arts. 1420-75 constitutes "discovery" sufficient to interrupt the abandonment period. Hica also cites to La. C.C.P. art 1443, governing depositions, the last sentence of which states, "[i]f requested by one of the parties, the testimony shall be transcribed." Further, La. C.C.P. art. 1445 states, in pertinent part:
When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and the parties. (Emphasis Hica's.)
In summary, Hica argues that the completion and delivery of the transcripts on May 4, 2001 constitute "steps" sufficient to interrupt abandonment. Accordingly, Hica argues that its request for a trial setting on April 6, 2004, was within the three-year window applicable to this case.
To the contrary, Arklatex points out that La. C.C.P. art. 561 makes no mention of transcription by a court reporter as being the "taking" of a deposition for the purpose of abandonment and that the legislature would have included this language had it so intended. It asserts that "acceptance of [Hica's] position on this point would [be] ... completely unnecessary [and] ... unwarranted and even dangerous." Arklatex further alleges that, "as indicated in the specific language of article 561, a `step' in the context of a deposition is its `taking', not its transcription." Accordingly, Arklatex argues that only formal discovery, such as the actual taking of a deposition, is sufficient to interrupt abandonment. We agree.
Hica's reliance on La. C.C. Pro. arts. 561(B) and 1445 is misplaced. The provisions of article 1445, governing deposition transcription, do fall under article 561(B) (stating, inter alia, that any formal discovery authorized by the Code is a "step" in litigation); however, Louisiana law offers little support for this assertion.
La. C.C.P. art. 1446(D) states, in part:
The taking of a deposition shall be considered a step in the prosecution or defense of an action for the purposes of article 561 ... (Emphasis ours.)
Further, when the words of a statute are clear and unambiguous, they must be applied as written. Williams v. Abadie, 03-0605 (La.App. 4th Cir.9/24/03), 857 So.2d 1118 citing Elevating Boats, Inc. v. St. Bernard Parish, 00-3518 (La.9/5/01), 795 So.2d 1153. In Williams, supra, the court held, inter alia, that the taking of a deposition, not the deponent's signing of it, constituted a "step" in the prosecution of the case. The Williams court further held that, given the inaction and delays apparent from the record, there was no real intent to hasten the matter to conclusion. The record in the case sub judice reflects a similar situation.
Similarly, in In re Succession of Wright, 37,670 (La.App.2d Cir.9/24/03), 855 So.2d 926, writ denied, 03-2969 (La.1/16/04), 864 So.2d 632, our court stated that "`extrajudicial efforts,' such as informal settlement negotiations between the parties, have uniformly been considered insufficient to constitute a step for purposes of interrupting or waiving abandonment." In the absence of jurisprudence to the contrary and given the discussion, supra, the transcription *806 of a deposition falls under a similar guise. For these reasons we reject this argument.
Hica next argues that Arklatex interrupted the abandonment period by sending the April 9, 2001 letter suggesting a meeting to develop a discovery plan and to "aggressively move the case toward a conclusion." Accordingly, Hica points out that their April 6, 2004 request for a trial setting was within the three-year abandonment window. Arklatex argues, to the contrary, that there is "clearly a distinction between merely `talking' about a case [and] actually `doing' something which moves it forward." Arklatex further points out that the meeting suggested in the April 9, 2001 letter never took place, because Hica's attorney never responded to defense counsel's requests.
Hica cites Clark v. State Farm Mutual Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, wherein the supreme court stated that the fundamental premise of abandonment analysis for discovery and other actions conducted "off the court record" is whether the defendant had notice of the same. Clark, supra, further held that a second category of "off the record" actions that can operate to interrupt the abandonment period is action by the defendant that amounts to waiver and interruption. Hica contends that this rule ". . . is intended to ensure notice to the defendant of actions taken that interrupt abandonment;" and, in this case, Arklatex sent the letter in question.
Hica further cites Moore v. Eden Gardens Nursing Center, 37,362 (La.App.2d Cir.6/25/03), 850 So.2d 998, wherein the court stated:
Steps which have facilitated judicial resolution of the dispute on the merits and which could be construed as an expression of defendant's willingness or consent to achieve judicial resolution of the dispute are legally operative to preclude him from raising the claim of abandonment. (Citation omitted.) The defendant's actions amounting to waiver of the right to plead abandonment may occur before or after the abandonment period elapses. (Emphasis Hica's.)
From this, it contends that Arklatex's April 9, 2001 letter "clearly and unambiguously" meets the Moore standard, supra, and, accordingly, that the district court erred in applying the abandonment period from March 23, 2001.
Arklatex also cites Moore, supra, in which this court held that a nursing home's letter to a resident did not represent a "step" in litigation which would preclude the right to plead abandonment. Arklatex points out that this court took the opportunity to distinguish Moore from the holding in State, DOTD v. Cole Oil and Tire Co., Inc., 36,122 (La.App.2d Cir.7/17/02), 822 So.2d 229, writ denied, 02-2325 (La.11/15/02), 829 So.2d 436. In Cole Oil, counsel for the State wrote several letters to opposing counsel regarding the designation of a new expert and making a request to enter the premises at issue for the purpose of re-evaluation. In Moore, this court stated that the conduct taken in Cole Oil amounted to "a discovery response and discovery request" by the State and, thus, abandonment had been interrupted.[3]
*807 In support, Arklatex cites Madison v. Touro Infirmary, 02-0799 (La.App. 4th Cir.8/14/02), 826 So.2d 568, wherein the fourth circuit held that correspondence between attorneys regarding settlement negotiations did not amount to a "step" sufficient to interrupt abandonment. Arklatex states that, because negotiations to settle are intended to "move the case toward a conclusion," it follows that the mere discussion of potential further action is insufficient to establish interruption.[4] Accordingly, Arklatex argues that it is "inescapable that simply suggesting conferences... does not equal `doing' something which constitutes a `step' sufficient to interrupt abandonment." In summary, Arklatex states that "there is simply nothing in Moore which indicates that a letter or other communication which inquires in general terms about `future discovery' is to be construed as [an] interruption of abandonment." We agree.
Hica's reliance on Moore, supra, is misplaced. In Moore, this court held, under facts similar to those in the case sub judice, that a letter written by a defendant nursing home ". . . was not a new discovery action" and ". . . was a follow up to its previous discovery action." The same is true here. The letter in this case was written to suggest future discovery; and nothing more. No meeting ever occurred and no further depositions or similar actions evidenced in the record reflect an intent to continue this litigation. In Clark, supra, the court stated that "`. . . suits [should] not be permitted to linger indefinitely... [and] where possible ... abandoned cases be removed from crowded dockets.'" Given the holdings in Madison, supra, Clark, supra, and the evidence contained in the record, we cannot say that the abandonment period was interrupted. Accordingly, we reject Hica's argument.
Finally, Hica argues that there was no intent to abandon the case nor evidence of certainty that the claim was no longer being seriously pursued. It asserts that the "facts of this case clearly indicate that formal discovery and future planning for discovery was active and ongoing in March, April and May, 2001." Arklatex argues, however, that it has satisfied any argument on this point in its previous two responses. To this end, it reasserts that none of Hica's arguments sufficiently amount to a "step" in the litigation adequate to interrupt abandonment.
Hica again cites Clark, supra, stating that the intended purpose of La. C.C.P. art. 561 is to dismiss actions in which the plaintiff "clearly demonstrated his intent to abandon the case." Similarly, in Cole Oil, supra, this court stated "[b]efore an action can be dismissed as abandoned, it must be certain that the claim is not being seriously pursued." Under these holdings, Hica argues that its actions sufficiently showed that there was no intent to abandon this case and, accordingly, that the trial court was erroneous in so ruling. We disagree.
*808 As discussed in our findings on assignments of error one and two, supra, there is no evidence in the record sufficient to overturn the trial court's ruling. The evidence presented reflects that Hica abandoned this case. Given the delays in this case, the evidence presented in the record and viewing these in light of the jurisprudence discussed herein, we cannot say that Hica actively pursued judicial resolution in this case sufficient to overturn the lower court's finding.

CONCLUSION
For the reasons stated herein, the ruling of the trial court in favor of Arklatex Environmental Consultants, Inc. and John W. Storment is affirmed. Cost of this appeal are assessed to Hica Steel Foundry & Upgrade Company.
AFFIRMED.
NOTES
[1] Mr. Storment was the President of Arklatex. In the years following his deposition, Mr. Storment fell ill and is now deceased.
[2] The parties' briefs indicate that this case followed Mr. Kyle, attorney for Hica, who was a member of Downer, Kyle & Wilhite and later joined Lemle & Kelleher. Mr. Kyle officially enrolled as counsel on the case in October 2003.
[3] Cole Oil involved an expropriation proceeding in which the plaintiff designated a new expert witness (an appraiser) and requested access to the property in question for evaluation. The court ruled that these collective actions led to involvement by the defendant sufficient to constitute a "step" in the prosecution of the case. By way of contrast, the letter in the case sub judice refers to witnesses who had already been identified, but had not yet given depositions.
[4] Arklatex further cites Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983), in which the supreme court held that there had been no interruption even though the parties had discussed a possible summary judgment that would have been based upon undisputed facts. It points out that such a discussion constituted a step towards resolution; however, it was viewed by the court as insufficient to constitute a "step" adequate to preclude abandonment.

Arklatex also cites James v. Formosa Plastics Corp. of La., 01-2056 (La.4/3/02), 813 So.2d 335, for the proposition that enrollment of new counsel does not offer Hica relief in this matter. In James, the supreme court stated that enrollment "grants to [new] counsel the right to take steps toward prosecution of his client's case, but does not itself constitute a step."