# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 07-0053


**ANTHONY LYONS**

**VERSUS**

**WAYNE DOHMAN**


************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF ACADIA, NO. 78849
HONORABLE JULES EDWARDS, DISTRICT JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of Ulysses G. Thibodeaux, Chief Judge, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.


**AFFIRMED.**

**James S. Gates**
**Attorney at Law**
**Post Office Drawer 219**
**Opelousas, LA 70571-0219**
**(337) 942-6529**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     Anthony Lyons

**Michael V. Matt**
**Attorney at Law**
**Post Office Drawer 191**
**Eunice, LA 70535**
**(337) 457-8260**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     Wayne Dohman

PETERS, J.

The plaintiff, Anthony Lyons, appeals the denial of his motion to set aside an order of dismissal of his action against the defendant, Wayne Dohman. For the following reasons, we affirm the trial court's decision to deny the motion to set aside the order of dismissal.

## DISCUSSION OF THE RECORD

This litigation began on June 10, 2002, when Lyons filed a petition for damages, naming Dohman as defendant. The underlying claim related to the alleged conversion by Dohman of a crawfish boat owned by Lyons. Dohman answered the suit by pleadings filed June 28, 2002. Thereafter, the trial record contains no additional filings until October 25, 2005, when Lyons filed a motion to set the matter for trial. The trial court, by an order signed November 4, 2006, fixed the matter for trial on March 27, 2006.

Dohman then filed an ex parte motion on February 3, 2006, requesting that the trial court dismiss Lyons' suit based on the abandonment provisions of La.Code Civ.P. art. 561. As proof of his right to relief, Dohman attached his affidavit asserting that no action had been taken in the prosecution or defense of the litigation for a period in excess of three years. The trial court dismissed Lyons' suit by a written ex parte order signed February 7, 2006, without holding a hearing on the issue. Thereafter, on March 14, 2006, Lyons filed a motion to set aside the February 7 judgment of dismissal and to reinstate his petition. Following the July 17, 2006 hearing, the trial court rejected Lyons' motion. After the trial court executed a judgment rejecting his motion to set aside the dismissal, Lyons perfected this appeal,

asserting that the trial court erred in dismissing his suit as having been abandoned.[1]

**OPINION**

Louisiana Code of Civil Procedure Article 561(A)(1) provides in pertinent part that "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." Additionally, the three-year abandonment provision

> shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court *shall* enter a formal order of dismissal as of the date of its abandonment.

La.Code Civ.P. art. 561(A)(2) (emphasis added). A step taken by a plaintiff after the three-year period has run is ineffective to prevent a judgment of dismissal from being granted. *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779. Thus, to prevent a claim from being dismissed based on abandonment pursuant to La.Code Civ.P. art. 561, a party must do three things: (1) Take some step in the prosecution or defense of the action; (2) take that step in the trial court and, with the exception of formal discovery, on the record of the suit; and (3) take the step within three years of the last step taken by either party. *Id.*

Lyons acknowledges that at the time the trial court dismissed his action the trial record contained no evidence of any step in the prosecution or defense of this action between June 28, 2002 and October 25, 2005, a period in excess of three years. Nonetheless, Lyons argues that the trial court erred in dismissing his action because,

---

[1]The order was cast in the form of a judgment granting the defendant's motion to dismiss for want of prosecution. However, by the effect of law the ruling was an order denying the motion to set aside the dismissal. The abandonment itself was operative without a formal order under the provisions of La.Code Civ.P. art. 561(A)(1) and (2), but a formal order of dismissal was rendered in accordance with Subsection (A)(2).

on October 29, 2003, his counsel mailed a letter to the clerk of court requesting that the matter be set for trial. Although the letter was never filed in the trial record, Lyons asserts that this action was a step in the prosecution that interrupted the three-year limitation provided in La.Code Civ.P. art. 561.

Lyons attached a copy of this letter to his motion to set aside the dismissal and introduced it as evidence in support of his position at the July 17, 2006 hearing.[2] Additionally, at the hearing Lyons' trial counsel unsuccessfully attempted to obtain a stipulation from Dohman's trial counsel that he had received a courtesy copy of the October 29, 2003 letter, but Dohman's trial counsel never responded and the stipulation was never consummated.[3] Lyons called no witnesses to testify at the July 17, 2006 hearing and, thus, the only evidence of the attempt to set the matter for trial before the trial court was the copy of the October 29, 2003 letter.[4] The trial court rejected Lyons' argument that the October 29, 2003 letter constituted a step in the prosecution of the action, concluding that because the letter "did not make it to the

_____

[2]The letter was addressed to the Office of Clerk of Court for Acadia Parish, references this case, and reads:

Dear Sir/Madam:

This letter is to request that the above-captioned matter be set for trial. An answer has been filed, and the case is in a position to be tried.

Please advise if anything further is required by this Court to set for trial.

Sincerely yours,
/s/ JAMES S. GATES

JSG:ymp
cc: Mr. J. Lee Wimberly, Jr.

[3]Between October 29, 2003, and the July 17, 2006 hearing, Dohman had retained new counsel and his former counsel was not present at the hearing.

[4]Although not called as a witness, the Acadia Parish Clerk of Court was present for the hearing. He interjected himself into the proceedings and informed the trial court in open court that his office "never received" the October 29, 2003 letter.

3

record" and because evidence of the step taken in prosecution or defense must appear in the record, the matter was abandoned.

Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. *Bias v. Vincent*, 02-642 (La.App. 3 Cir. 12/11/02), 832 So.2d 1153, *writ denied*, 03-0112 (La. 3/21/03), 840 So.2d 542. On the other hand, whether a particular act, if proven, precludes abandonment is a question of law which we review by simply determining whether the trial court's interpretative decision is correct. *Jackson v. BASF Corp.*, 04-2777 (La.App. 1 Cir. 11/4/05), 927 So.2d 412, *writ denied*, 05-2444 (La. 3/24/06), 925 So.2d 1231; *Olavarrieta v. St. Pierre*, 04-1566 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, *writ denied*, 05-1557 (La. 12/16/05), 917 So.2d 1118.

In the matter now before us, the trial court's conclusion that, to be considered, evidence of a step in the prosecution must be found in the record, is a conclusion of law which we find was reached in error. The supreme court has long recognized that La.Code Civ.P. art. 561 "is to be liberally construed in favor of maintaining a plaintiff's suit." *Clark*, 785 So.2d at 785. That is to say, "abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned." *Id.* at 786. With the liberal interpretation of La.Code Civ.P. art. 561 in mind, the jurisprudence has established that, in certain circumstances, letters designed to move a case forward that have been delivered to a clerk of court but not filed in the record by the clerk of court may satisfy the requirement of La.Code Civ.P. art. 561. *See Hargis v. Jefferson Parish*, 02-72 (La. 3/17/00), 755 So.2d 891 (overruling *Hargis v. Jefferson Parish*, 99-971 (La.App 4 Cir. 12/8/91),

4

748 So.2d 606); *Ellzey v. Employers Mut. Liab. Ins. Co.*, 388 So.2d 843 (La.App. 2 Cir.), *writ denied*, 394 So.2d 617 (La. 1980); and *Zion v. Stockfieth*, 616 So.2d 1373 (La.App. 5 Cir.), *writs denied*, 620 So.2d 882 (La.1993).

Although we find that the trial court reached an erroneous legal conclusion in dismissing Lyons' action, we find that the resulting dismissal was correct. Once the trial court entered a formal order of dismissal on the basis of Dohman's affidavit and an examination of the trial record pursuant to La.Code Civ.P. art. 561(A)(2), Lyons responded by filing a motion to set aside the dismissal, as provided for in La.Code Civ.P. art. 561(A)(3). The burden was on Lyons to prove, by extrinsic evidence, a permissible cause outside the record that prevented accrual of the three-year abandonment period. *Moore v. Eden Gardens Nursing Ctr.*, 37,362 (La.App. 2 Cir. 6/25/03), 850 So.2d 998. That is to say, Lyons was required to present evidence for the record sufficient to set aside the trial court's prior dismissal. *Hica Steel Foundry & Upgrade Co. v. Arklatex Envtl. Consultants, Inc.*, 39,460 (La.App. 2 Cir. 4/6/05), 899 So.2d 802. Lyons failed in that burden of proof.

At best, Lyons established that the October 29, 2003 letter had been prepared for delivery. He failed to prove by extrinsic evidence that the letter was mailed to, delivered to, or received by the clerk of court. Indeed, there was no evidence that the letter ever left the office of Lyons' counsel. In short, there was a total absence of any proof of facts prerequisite to reaching the question of whether the letter amounted to a step in the prosecution of the case. Thus, we affirm the trial court judgment, but for different reasons than those expressed by the trial court.

## DISPOSITION

For the foregoing reasons we affirm the trial court's order dismissing Anthony Lyons' action against Wayne Dohman. We assess all costs of these proceedings against Anthony Lyons.

**AFFIRMED**.