ROLAND L. BELSOME, Judge.
 

 _[^This appeal is taken from the trial court’s dismissal of the matter on the grounds of abandonment. For the following reasons we affirm.
 

 On August 9, 2002, Tasch, Inc. (“Tasch”) filed a petition against Horizon Group (“Horizon”), Orleans Parish School Board (“Board”) and its Members. The petition alleged that the Board had contracted with Horizon for the renovation of Murray Henderson Elementary School. Thereafter, Horizon accepted a bid proposal from Tasch to perform $280,000.00 of the work. Tasch further contends that after the work was completed, Horizon made a partial payment of $85,000.00 but failed to pay the balance owed of $195,000.00.
 

 Exceptions and an answer were filed on behalf of the Board on November 21, 2002. Then on March 3, 2003, there was a motion filed to enroll additional counsel of record for the Board. In that same year a motion and order to substitute counsel was filed on October 24, also by the Board. Nothing further was filed into the court record until October 23, 2007. At that time, a motion to enroll as counsel of record was filed on behalf of Tasch. Subsequently, a motion and order to dismiss for abandonment was filed on behalf of the Board. The trial court granted the motion, ruling the case abandoned and this appeal followed.
 

 | ¿On appeal Tasch asserts four assignments of error: 1) the trial court erred in disregarding actions taken by the parties on the record which constituted “steps” sufficient to prevent this matter from becoming abandoned; 2) the order granting the motion for abandonment was based on a mere technicality, and compromises the spirit of Louisiana Civil Code of Procedure article 561; 3) alternatively, if the granting
 
 *564
 
 of the motion for abandonment is deemed proper, the dismissal should have been granted without prejudice; and 4) the trial court erred in granting a motion for an attorney who has never enrolled with the court in the matter.
 

 Tasch argues that the trial court failed to consider “steps” that appeared in the record prior to the February 13, 2008 order to dismiss.
 

 In Louisiana, an action is deemed abandoned when the parties fail to take any step in its prosecution or defense for a period of three years. La. C.C.P. Art. 561. This provision is operative without a formal order.
 
 Id.
 
 However, if any party files an ex parte motion which provides that no step has been taken for a period of three years in the prosecution or defense of the matter, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
 
 Id.
 
 In order to avoid abandonment, article 561 imposes three requirements on plaintiffs; they are:
 

 First plaintiffs must take some step towards prosecution of their lawsuit ... Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.
 

 Olavarrieta v. St. Pierre,
 
 2004-1566, p. 4 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, 569.
 

 Louisiana jurisprudence has further held that “extrajudicial efforts,” such as correspondence between the parties and informal settlement negotiations, are ^insufficient to constitute steps in the prosecution of the case.
 
 Madison v. Tauro Infirmary, et. al.,
 
 2002-0799 (La.App. 4 Cir. 8/14/02), 826 So.2d 568;
 
 Alexander v. Liberty Terrace Subdivision, Inc.,
 
 99-2171 (La.App. 4 Cir. 4/12/2000), 761 So.2d 62; Mariast & Lemmon,
 
 Louisiana Civil Law Treatise, Civil Procedure,
 
 § 10.4. The settlement negotiations referenced by Tasch are viewed as nothing more than informal correspondence and insufficient to constitute a step in the prosecution of the case.
 

 Plaintiffs’ counsel also contends that the unexpected delays caused by Hurricane Katrina prevented the case from moving any faster because of the disruption to his office and to the courts. It is uncontested that Hurricane Katrina caused a severe disruption in the legal system of this State. For that reason the Legislature provided for a limited suspension and/or extension of the abandonment period in Executive Orders KBB 2005-32, 48, and 67 as confirmed, approved, and ratified subject to Louisiana Revised Statutes 9:5821
 
 [1]
 

 The record in this case is void of any evidence that the plaintiff requested a limited suspension or extension of the prescriptive period by June 1, 2006, as
 
 *565
 
 required by La. R.S. 9:5824(B)(1). Nor does the record support that the failure to take steps in the prosecution of this matter was due to Hurricanes Katrina and/or Rita. Thus, we find that the trial court correctly applied Louisiana law when it 14dismissed the case against the Board for abandonment. However, dismissals under La. C.C.P. art. 561 are to be without prejudice.
 
 DeSalvo v. Waguespack,
 
 187 So.2d 489 (La.App. 4 Cir.1966). Therefore, the trial court’s judgment of dismissal is hereby amended to read without prejudice.
 

 Finally, we find no merit in Tasch’s assertion that the motion to dismiss should not have been granted because the counsel that filed the motion was not a counsel of record. The firm of Bryan & Jupiter made an appearance in the record for the Board through the filing of the answer and exceptions. As for following the district rules, Louisiana District Court Rule 9.12 provides that “... attorneys in good standing may enroll as counsel of record ...” The rule further provides for the procedure by which an attorney can formally enroll in a case, but does not provide for any penalty for failure to do so. The trial court did not err in accepting the filing of the motion to dismiss by Attorney, Clare Jupiter.
 

 Accordingly, the trial court’s order of dismissal is amended to read “without prejudice” and affirmed.
 

 AFFIRMED AS AMENDED.
 

 [1]
 

 . La. R.S. 9:5821 provides in relevant part as follows:
 

 All prescriptions, including liberative, acquisitive, and the prescription of nonuse, and all peremptive periods shall be subject to a limited suspension and/or extension during the time period of August 26, 2005, through January 3, 2006; however, the suspension and/or extension of these periods shall be limited and shall apply only if these periods would have otherwise lapsed during the time period of August 26, 2005, through January 3, 2006. This limited suspension and/or extension shall terminate on January 3, 2006, and any right, claim, or action which would have expired during the time period of August 26, 2005, through January 3, 2006, shall lapse on January 4, 2006.