972 So.2d 326 (2008)
Hunter HARRIS III
v.
Elizabeth STOGNER, et al.
No. 2007-CC-1451.
Supreme Court of Louisiana.
January 11, 2008.
Rehearing denied.
CALOGERO, C.J., would grant rehearing and assigns reasons.
JOHNSON, J., would grant rehearing.
CALOGERO, Chief Justice, Granting Rehearing.
I would grant the application for rehearing filed by plaintiff, Hunter Harris III, in order to consider whether the 2007 amendment to La.Code Civ. Proc. art. 561(B) applies to this case. The amendment extended the abandonment period from three years to five years in cases where a party can prove that the failure to take a step in the prosecution or defense of the action "was caused by or was the direct result of Hurricane Katrina or Rita." As amended, La.Code Civ. Proc. art. 561(A)(2) now provides as follows:
(2) If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita, an action originally initiated by the filing of a pleading *327 prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years.
On original hearing, this court did not consider whether the amendment applies to plaintiff's case. Further, neither the district court nor the court of appeal considered that issue, as the amendments did not become effective until July 9, 2007, after the district court had denied the defendant's motion to dismiss as abandoned and the court of appeal had denied writs on that issue. Nevertheless, the district court specifically found that plaintiff's failure to take a step in the prosecution of his suit within three years of the last action in the case on December 20, 2002, was caused by "circumstances beyond his control." Further, the court of appeal expressly opined that "Hurricane Katrina was beyond everyone's control."
In my view, the fact that the 2007 amendments to La.Code Civ. Proc. art. 561 did not become effective until July 9, 2007, does not necessarily mean that the Louisiana Legislature did not intend for it to apply to this case and to other similar cases in which the regular three-year abandonment period would have expired between August 25, 2005, and July 9, 2007, when the amendment because effective. In fact, the amendment states specifically that it applies to "an action originally initiated by he filing of a pleading prior to August 26, 2005, which has not previously been abandoned." From a practical and logical point of view, the word "previously" in the above-quoted phrase must have been intended by the Legislature to refer to actions not abandoned prior to August 26, 2005. No other interpretation of the amendment is reasonable.
I believe interpreting the 2007 amendment to La. C.C.P. art. 561 to apply only to those cases that become abandoned after the effective day of July 9, 2007, would essentially cancel the exact benefits the amendment was adopted to address. If the amendments do not apply until July 9, 2007, none of the cases pending at the time of Hurricanes Katrina and Rita that would have been abandoned between August 25, 2005, and July 9, 2007, would be given the benefits of the amendment. And, I would suggest that the cases that would otherwise be abandoned during that period are the exact cases the amendment was designed to address since they are the only cases in which the party seeking avoid a finding of abandonment would likely be able to prove that his failure to prosecute or defend within the three-year period "was caused by or was a direct result of" either Hurricane Katrina or Hurricane Rita. As everyone involved in the legal community knows, it was only during those days and months immediately following the storms that legal activity in the State of Louisiana was stymied by the various circumstances caused by the storm.
In fact, it is difficult to envision any circumstance in which a party to a legal action could prove that a failure to prosecute or defend an action after July 9, 2007, somehow "was caused by or was a direct result of" either Hurricane Katrina or Rita. Although there were surely many lingering effects of Hurricane Katrina and Rita in south Louisiana on July 9, 2007, and following, the State's legal system had almost fully recovered as much as a year prior to that date. Perhaps there were still situations in which individual attorneys were still in the process of recovering and therefore may have been unable to perform their regular functions, but the courts had certainly reopened and much of the legal business was proceeding as usual. *328 Seen in that light, the Legislature could not have intended to provide extra time for a plaintiff to take a step in the prosecution of his action only in those cases that would have been abandoned after July 9, 2007, when such an extension was in most cases at least no longer necessary.