RACHEAL DUPLECHIAN
v.
SBA NETWORK SERVICES, INC., ET AL.
No. CA 07-1554.
Court of Appeals of Louisiana, Third Circuit.
May 7, 2008.
NOT DESIGNATED FOR PUBLICATION
MICHAEL JOSEPH JUNEAU, KAREN B. LEVY, SUE NATIONS, ROBERT JEFFERSON DAVID, JR., JEFFREY S. SEGURA, Counsel for Defendant/Appellee: SBA Network Services, Inc.
MILO ADDISON NICKEL, Jr., Attorney at Law, Counsel for Plaintiff/Appellant: Racheal Duplechian.
DANIEL JAMES STANFORD, Attorney at Law, Counsel for Defendant/Appellee: Matthew Reitzell.
Court composed of SAUNDERS, SULLIVAN, and GENOVESE, Judges.
SAUNDERS, Judge.
This is an abandonment case. Plaintiff filed suit on December 8, 2003, naming two defendants. The last step on record occurred on March 2, 2004, wherein plaintiff was deposed.
The trial court granted an ex parte motion for dismissal due to abandonment. The trial court signed a judgment dismissing plaintiff's action despite the plaintiff's motion to set aside judgment for abandonment. Plaintiff appealed, alleging two assignments of error.
We vacate the trial court's judgment dismissing plaintiff's case. We remand the case for an evidentiary hearing to determine whether plaintiff failed to prosecute her claim due to the effects of Hurricane Rita.

FACTS AND PROCEDURAL HISTORY:
This matter arises out of the dismissal of Racheal Duplechian's (Duplechian) suit based upon abandonment. Duplechian filed suit against SBA Network Services, Inc. (SBA) and Matthew L. Reitzell on December 8, 2003. Duplechian alleges that while she was an employee of SBA, Reitzell, a co-employee, had installed a hidden video camera in the ladies' restroom. The last step on record taken in this matter was on March 2, 2004, when Duplechian was deposed.
On or about September 24, 2005, Hurricane Rita struck southwest Louisiana. Counsel for Duplechian's office and domicile were in Calcasieu Parish. Duplechian claims that her counsel's office was completely destroyed as were virtually all of its contents and files. Duplechian contends that as a direct result of Hurricane Rita, she was unable to take a step in the prosecution of her suit.
On May 1, 2007, SBA filed an ex parte motion for dismissal of action as abandoned. On May 7, 2007, the trial court granted SBA's motion, and a judgment of dismissal with prejudice was signed. On June 4, 2007, Duplechian filed a motion to set aside judgment of abandonment. On August 13, 2007, a judgment of dismissal was signed dismissing Duplechian's suit without prejudice. Duplechian has appealed, alleging two assignments of error.

ASSIGNMENTS OF ERROR:
1. Did the trial court err in failing to apply the extended abandonment period of five years set forth in La.Code Civ.P. art. 561 since Hurricane Rita's destruction of counsel for plaintiff's offices prevented plaintiff from taking formal steps in the prosecution of this case?
2. Did the trial court err in finding that no action was taken sufficient to interrupt the abandonment period?

ASSIGNMENT OF ERROR #1:
Duplechian alleges that the trial court erred in failing to apply the extended abandonment period of five years set forth in La.Code Civ.P. art. 561, since Hurricane Rita's destruction of her counsel's offices prevented her from taking formal steps in the prosecution of this case. For the following reasons, we agree.
The issue in this assignment of error is whether Duplechian's suit was abandoned pursuant to La.Code Civ.P. art. 561. The question is whether the trial court applied La.Code Civ.P. art. 561 appropriately, and, as such, is a question of law. Our supreme court, in Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1071-72, stated the following:
It is well settled that reviewing courts will defer to a trial judge's reasonable decision on a question or matter properly within his discretion. It is self-evident, however, that if the trial court's decision was based on its erroneous interpretation or application of law rather than a valid exercise of discretion, such an incorrect decision is not entitled to deference.
In the case before us, the reasons for ruling for the judgment signed on July 18, 2007, wherein the trial court found that Duplechian's case should be dismissed because, pursuant to La.Code Civ.P. art. 561, an action is automatically abandoned when the parties fail to take any step in the prosecution or defense of the action for a period of three years. The record of this suit shows that Duplechian's petition was filed on December 8, 2003. The last step shown was the deposition of Duplechian that occurred on more than three years prior to SBA's motion for dimissal. Given that no other steps were shown to have taken place in the following three years, the trial court reasoned that Duplechian's case was abandoned pursuant to La.Code Civ.P. art. 561.
Effective July 9, 2007, La.Code Civ.P. art. 561 was amended. Louisiana Code of Civil Procedure Article 561, as amended, in pertinent part, states the following:
A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years . . . .
. . . .
(2) If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita, an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution of defense in the trial court for a period of five years . . . .
On appeal, Duplechian argues that she was unable to take a step in the prosecution of her suit as virtually all of the contents and files within her counsel's office, located in Calcasieu Parish, were destroyed by Hurricane Rita. Duplechian's suit was filed prior to August 26, 2005, and was not abandoned prior to August 26, 2005. Accordingly, if La.Code Civ.P. art.561 is retroactive and Duplechian can prove that Hurricane Rita directly caused her failure to take a step in the prosecution of her case, the trial court incorrectly applied the three-year abandonment period in Paragraph A(1) rather than the five-year abandonment period in Paragraph A(2).
Our Louisiana Supreme Court, in Segura v. Frank, 93-1271, p. 8 (La. 1/14/94), 630 So.2d 714, 720-21 (citations omitted) (footnotes omitted) cert. denied, 511 U.S. 1142, 1145 S.Ct. 2165 (1994), stated:
In determining whether laws may be applied retroactively we are guided by La. C.C. art. 6, which provides:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
This court recently explained the application of La.C.C. Art. 6 in Cole v. Celotex Corp., 599 So.2d 1058, 1063 (La.1992):
LSA-C.C. art. 6 requires that we engage in a two-fold inquiry. First, we must ascertain whether in the enactment the legislature expressed its intent regarding retrospective or prospective application. If the legislature did so, our inquiry is at an end. If the legislature did not, we must classify the enactment as substantive, procedural or interpretive.
Additionally, this court has observed that the principle contained in La.C.C. art. 6 has constitutional implications under the due process and contract clauses of both the United States and Louisiana Constitutions.
Thus, even where the legislature has expressed its intent to give a substantive law retroactive effect, the law may not be applied retroactively if it would impair contractual obligations or disturb vested rights.
The test of amended La.Code Civ.P art. 561 Paragraph A(2) now states that the five-year abandonment period applies to "an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph . . . ." Chief Justice Calogero, in his written reasons explains why he would grant a rehearing in Harris v. Stogner, 07-1451, p. 2 (La. 1/11/08), 972 So.2d 326, 327, stated, "[f]rom
a practical and logical point of view, the word `previously' in [La.Code Civ.P. art. 561, Paragraph A(2)] must have been intended by the Legislature to refer to actions not abandoned prior to August 26, 2005. No other interpretation of the amendment is reasonable." We agree with Chief Justice Calogero.
Chief Justice Calogero, in Harris, goes on to aptly state:
I believe interpreting the 2007 amendment to La.C.C.P. art. 561 to apply only to those cases that become abandoned after the effective day of July 9, 2007, would essentially cancel the exact benefits the amendment was adopted to address. If the amendments do not apply until July 9, 2007, none of the cases pending at the time of Hurricanes Katrina and Rita that would have been abandoned between August 25, 2005, and July 9, 2007, would be given the benefits of the amendment. And, I would suggest that the cases that would otherwise be abandoned during that period are the exact cases the amendment was designed to address since they are the only cases in which the party seeking [to] avoid a finding of abandonment would likely be able to prove that his failure to prosecute or defend within the three-year period "was caused by or was a direct result of" either Hurricane Katrina or Hurricane Rita. As everyone involved in the legal community knows, it was only during those days and months immediately following the storms that legal activity in the State of Louisiana was stymied by the various circumstances caused by the storm.
Harris, 972 So.2d at 327.
Moreover, even if we were to find that our Legislature failed to state whether the 2007 amendment to La.Code Civ.P. art. 561 was to be applied retroactively, Article 561 is clearly procedural and, thus, would apply retroactively as dictated by La.Civ.Code art. 6. Further a change in "the legislatively prescribed time period of the last step" has previously been amended and that change was applied retroactively. Prior to 1997, the abandonment statute provided a five-year period rather than three-year period. Our Supreme Court upheld the retroactivity of the 1997 amendment to La.Code Civ.P. art. 561 in Theisges v. Boudreaux, 99-1458 (La. 7/2/99), 747 So.2d 4.
Accordingly, we find that the 2007 amendment to La.Code Civ.P. art. 561 is retroactive. As such, if the record shows that Duplechian can prove that Hurricane Rita directly resulted in her failure to take a step in the prosecution of her case in the trial court, the trial court committed a legal error in applying the three-year abandonment period prescribed in La.Code Civ.P. art. 561 Paragraph A(1) rather than correctly applying the five-year period mandated in Paragraph A(2).
Louisiana Code of Civil Procedure Article 2164 states in pertinent part, "[t]he appellate court shall render any judgment which is just, legal and proper upon the record on appeal." An appellate court generally will not adjudicate issues not ruled upon by the trial court, but when the appellate court has all of the facts and testimony and is able to pronounce with certainty on the case, that appellate court should render such judgment on appeal as the trial court should have rendered at trial. Kilbourne v. Hosea, 19 So.2d 279 (La.App. 1 Cir. 1944). However, when an appellate court finds that the interests of justice dictate that further evidence is required for the proper adjudication of the case, then that appellate court should remand the case to the trial court for further proceedings. Polizzi v. Thibodeaux, 35 So.2d 660 (La.App.Orleans 1948).
Rule 9.9(a) of the Rules for Louisiana District Courts[1] states:
When a party files an exception or motion, that party must concurrently furnish the trial judge and serve on all other parties a supporting memorandum that cites both the relevant facts and applicable law. The memorandum must be served on all other parties so that it is received by the other parties at least 15 calendar days before the hearing, unless the court sets a shorter time.
Here, the hearing on Duplechian's motion to set aside SBA's dismissal was set for July 16, 2007. Thus, Duplechian could have, at the very latest, submitted her brief on July 1, 2007, while the 2007 amendment to La.Code Civ.P. art. 561 did not go into effect until July 9, 2007. The record before us does not indicate that the July 16, 2007, hearing addressed the issue of Hurricane Rita's detrimental effect on Duplechian's counsel. As such, specifically regarding the issue of whether the 2007 amendment to Article 561 applies to the case at bar, there does not appear to be any lack of due diligence on the part of Duplechian's counsel. Duplechian does not appear to have been given the chance to properly adjudicate her case by putting forth evidence that Hurricane Rita directly resulted in her counsel's inability to take a step in the prosecution of her case.
Our Supreme Court has long recognized that La.Code Civ.P. art. 561 "is to be liberally construed in favor of maintaining a plaintiff's suit . . . .[A]bandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned." Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, p.8-9 (La. 5/15/01), 785 So.2d 779, 785-86.
Because we have found that the 2007 amendment to La.Code Civ.P. art. 561 is retroactive, and because we are directed to liberally construe La.Code Civ.P. art. 561 in favor of maintaining Duplechian's action, we find that it would be in the interest of justice to allow Duplechian proper adjudication of her case. Accordingly, we vacate the trial court's judgment dismissing Duplechian's action and remand this case for an evidentiary hearing regarding this issue.

ASSIGNMENT OF ERROR #2:
Duplechian argues that the trial court erred in finding that no action was taken sufficient to interrupt the abandonment period. Should she be able to show that she has taken a step within three years of SBA filing its motion to dismiss, there would be no need to remand the case for an evidentiary hearing as we have done with regard to our disposition of assignment of error #1. Thus, we must consider this assignment.
Our Supreme Court, in Clark, 785 So.2d at 784 (footnotes omitted)(emphasis removed from original)(emphasis added), stated the following:
Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.
There are two exceptions, other than formal discovery, in which evidence beyond the official suit record may be considered in deciding whether an action is abandoned. They are:
(1) a plaintiff-oriented exception, based on contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.
Id. at 784-85.
Duplechian does not contest that no step has been taken that appears on the record of the suit within three years of SBA filing its motion to dismiss. As such, we must consider whether she has either taken a step via formal discovery or whether either of the other jurisprudential exceptions apply.
First, Duplechian contends that the contra non valentem exception applies because pending criminal charges against one of the defendants in her case, Matthew Reitzell, hindered her discovery efforts. For the following reasons, we do not agree.
There is no statutory or jurisprudential authority for the proposition that the pendency of a related criminal proceeding interrupts the abandonment period for a civil action. Nor was there any evidence of an agreement existed between the parties to suspend discovery or waive the running of abandonment period until the criminal matter was resolved. In fact, the correspondence between counsel suggests that, even though the criminal proceeding was ongoing, counsel for Duplechian and for SBA had discussed having a computer specialist review the computer's contents. The computer's contents were crucial evidence in both the civil case between the parties and the criminal matter against Reitzell. Therefore, we find that Duplechian's contention regarding this issue lacks merit.
Second, Duplechian contends that the effects of Hurricane Rita constitute circumstances beyond her control. We already addressed this issue in assignment of error #1, and have remanded the case for an evidentiary hearing on that issue with specific regards to whether the 2007 amendment to La.Code Civ.P. art. 561 applies to the case at bar.
Finally, Duplechian contends that the second exception, which states that a defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned, is applicable here due to correspondence exchanged between counsels for Duplechian and SBA. Duplechian argues that the correspondence indicates that SBA did not possess an intent to treat the case as abandoned. To bolster this contention, Duplechian cites State, Dept. of Transp. and Dev. v. Cole Oil and Tire Co., Inc., 36,122 (La.App. 2 Cir. 7/17/02), 822 So.2d 229, writ denied, 02-2325 (La. 11/15/02), 829 So.2d 436.[2]
It is well settled that correspondence between counsel is not a step in the prosecution of a case that prevents abandonment from running. See Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983). The Cole Oil case cited by Duplechian is an exception to this rule; however, it is not applicable to the case at bar.
In the Cole Oil case, the Second Circuit recognized that the correspondence between counsel could constitute formal discovery. The Cole Oil court found that when a defendant was involved and participated in the case during the 3 years at issue and the defendants' appraiser's relocation during the abandonment period actually contributed to the delay, and, further, that the plaintiff did not intend to abandon its claim, then correspondence regarding the case, when it attempts to discover facts, can be deemed discovery for the purpose of interrupting abandonment.
Here, the correspondence between counsel does not constitute discovery of any kind. After Duplechian's deposition in February of 2004, SBA's counsel wrote five letters to Duplechian's counsel inquiring about the status of a proposed investigation into the contents of the computer allegedly used by Reitzell. Duplechian's counsel then wrote to SBA's counsel on September 7, 2006, inquiring about the status of the planned review of the computer's hard drive. None of the letters can accurately be found to be an attempt to conduct formal discovery or reveal any new information.
The second circuit aptly differentiated cases, such as the one before us, from the Cole Oil case in Moore v. Eden Gardens Nursing Ctr., 37,362 (La.App. 2 Cir. 6/25/03), 850 So.2d 998. In Moore, the plaintiff argued that a letter from the defendant's counsel requesting responses to outstanding discovery constituted a step in the prosecution of the case. The second circuit reasoned that, unlike in the Cole Oil case, a letter to follow up prior discovery did not constitute a specific discovery action or a waiver of the abandonment period, rather, it was the party trying to prevent the suit from lingering indefinitely, the purpose of the abandonment statute.
Accordingly, Duplechian's contention that action was taken sufficient to interrupt the abandonment period is without merit. As such, we affirm the trial court's finding that no step has been taken since Duplechian's deposition.

CONCLUSION:
Duplechian raised two assignments of error. She contended that the trial court erred in failing to apply the extended abandonment period of five years set forth in La. Code of Civ.P. art. 561 since Hurricane Rita's destruction of her counsel's offices prevented her from taking formal steps in the prosecution of this case . First, we found the 2007 amendment to La. Code Civ.P. art. 561 is retroactive. Second, we found the record insufficient for us to determine whether Hurricane Rita directly affected Duplechian, and, thus, vacated the trial court's judgment deeming her suit abandoned and remanded the case for an evidentiary hearing on this issue. Duplechian raised a second assignment of error contending that action was taken sufficient to interrupt the abandonment period. We found no merit in this contention. Costs associated with this appeal are to be divided equally between the parties.
VACATED AND REMANDED.
NOTES
[1] Rule 9.9(a) is applicable to the 15th Judicial District Court, where this matter is located.
[2] The Cole Oil case involved an expropriation proceeding and La.R.S. 48:452.1, a specific statute concerning the abandonment of a property owner's reconventional demand for increased compensation after its land had been expropriated, which is essentially the same at Article 561. The Cole Oil court relied on Clark, 785 So.2d 779, other jurisprudence, and Article 561 to decide the case.