*962 SAUNDERS, J.,
dissents and assigns written reasons.
|)I agree with the forceful reasoning contained in Judge Gremillion’s studied and moving dissent. Thus, I dissent. The text of amended La.Code Civ.P art. 561 Paragraph A(2) now states that the five-year abandonment period applies to “an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph.... ” Chief Justice Caloge-ro, in his written reasons explains why he would grant a rehearing in Harris v. Stogner, 07-1451, p. 2 (La.1/11/08), 972 So.2d 326, 327, stated, “[f]rom a practical and logical point of view, the word ‘previously’ in [La.Code Civ.P. art. 561, Paragraph A(2) ] must have been intended by the Legislature to refer to actions not abandoned prior to August 26, 2005. No other interpretation of the amendment is reasonable.” I agree with Chief Justice Caloge-ro.
Chief Justice Calogero, in Hams, goes on to aptly state:
I believe interpreting the 2007 amendment to La.C.C.P. art. 561 to apply only to those cases that become abandoned after the effective day of July 9, 2007, would essentially cancel the exact benefits the amendment was adopted to address. If the amendments do not apply until July 9, 2007, none of the cases pending at the time of Hurricanes Katrina and Rita that would have been abandoned between August 25, 2005, and July 9, 2007, would be given the benefits of the amendment. And, I would suggest that the cases that would otherwise be abandoned Rduring that period are the exact cases the amendment was designed to address since they are the only cases in which the party seeking [to] avoid a finding of abandonment would likely be able to prove that his failure to prosecute or defend within the three-year period “was caused by or was a direct result of’ either Hurricane Katrina or Hurricane Rita. As everyone involved in the legal community knows, it was only during those days and months immediately following the storms that legal activity in the State of Louisiana was stymied by the various circumstances caused by the storm.
Harris, 972 So.2d at 327.
Pulsoman argues that it had a vested right to have Wise’s claim dismissed for abandonment and cites Stelly, 646 So.2d at 912 for the proposition that “no law can be applied retroactively so as to divest a party of a vested right.” Regarding La.Civ. Code 6 and vested rights, it is clear that a majority of this court feels differently than I regarding whether La.Code Civ.P art. 561 is procedural as I wrote in Duplechi-an. However, regardless of whether the amendment is procedural or substantive, it is clear that our legislature was faced with a crisis of unprecedented proportion. I feel such a crisis provided justification for our legislature to use an “extreme exercise of legislative power.” Chance, 635 So.2d at 178.
Surely the victims of Hurricanes Katrina and Rita have endured enough so as be spared the dire legal ramifications that the majority’s opinion imposes upon them. In my view, those victims have a vested right in their pending legal matters that existed prior to, and is greater than, those of the persons attempting to now hide behind an illogical interpretation of the letter of the law. We are instructed by our supreme court, in Clark, 785 So.2d at 785, to interpret Article 561 “liberally ... in favor of maintaining a plaintiffs suit.” I feel that we are' failing to do by granting this writ. I respectfully dissent.