526 So.2d 859 (1988)
Margie Dejean MIDDLETON, Plaintiff-Appellant,
v.
Charles MIDDLETON, Defendant-Appellee.
No. 19691-CA.
Court of Appeal of Louisiana, Second Circuit.
June 1, 1988.
Rehearing Denied July 7, 1988.
Smitherman, Lunn, Chastain & Hill by John A. Richardson and Gordon N. Blackman, Jr., LaBreche & Webb by Wayne E. Webb, Shreveport, for plaintiff-appellant.
Wiener, Weiss, Madison & Howell by Susie Morgan, Shreveport, for defendant-appellee.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
*860 MARVIN, Judge.
In this community property partition suit, the divorced Ms. Middleton appeals a judgment dismissing her action as "abandoned" because of her failure "to take any step [toward] prosecution" for five years under CCP Art. 561.
She contends Mr. Middleton's steps withdrawing an earlier answer by a curator and filing a more detailed answer, a reconventional demand, and discovery requests and responsesafter her five-year period of inactivity, constituted a waiver of the "self-operative" abandonment provision of CCP Art. 561.
We reverse and remand.

THE LAW
While steps by a plaintiff after the five-year period do not constitute waiver by defendant of the abandonment (Ford v. St. Louis Southwestern Ry. Co., 480 So.2d 873 (La.App.2d Cir.1985)), a defendant, in whose favor the abandonment would operate, may waive the abandonment by taking one or more steps in the "prosecution or defense" of the action. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983).
We emphasize these provisions of CCP Art. 561:
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years ...
This provision shall be operative without formal order ...
The article addresses the effect of a step taken by a defendant during, but not after, the five-year period. This omission, together with the declaration that abandonment is self-operative, has produced somewhat confusing and inconsistent language in the cases applying the article and its source, CC Art. 3519 before 1960. Compare Evans v. Hamner, 209 La. 442, 24 So.2d 814 (1946); Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975); Geisenberger v. Cotton, 116 La. 651, 40 So. 929 (1906); and State v. Southport Petroleum Corporation of Del., 230 La. 199, 88 So.2d 25 (1956).
While CCP Art. 561 fails to consider the concept of waiver of the five-year abandonment by a defendant, a court errs if it interprets the article as indicating that "the defendant, once abandonment has occurred, cannot do anything which would constitute a waiver." Traigle, supra, 436 So.2d at 534. There the defendant was held to have waived the abandonment by filing a motion for summary judgment and submitting the case for a decision on the merits after the five-year period had accrued.
No "definite action" by a plaintiff or inaction by a defendant after accrual of the five-year period can be construed as a waiver of abandonment by the defendant, although a defendant, by "definite action," may waive the abandonment. Sandfield Oil & Gas Co. v. Paul, 7 So.2d 725, 732 (La.App.2d Cir.1942).

FACTS
Chronologically, the steps in this record are briefly summarized:
1979petition filed.
1980curator answers.
December 1986Ms. Middleton files interrogatories.
March-April 1987Mr. Middleton moves to substitute and enroll retained counsel and withdraw curator's answer; new answer and reconventional demand filed by retained counsel; answers to Ms. Middleton's 1986 interrogatories filed; Mr. Middleton propounds interrogatories to, and requests production of documents by, Ms. Middleton.
The record also shows that Ms. Middleton timely responded to Mr. Middleton's reconventional demand, interrogatories, and request for production of documents. Mr. Middleton thereafter on June 24, 1987, moved to dismiss Ms. Middleton's action as abandoned on the grounds that more than five years elapsed between the filing of the curator's answer in 1980 and of her interrogatories to him in 1986.

CONCLUSION
Whether the step or steps taken by a defendant after the five-year period be *861 termed as "affirmative" (Southport Petroleum, supra) or as "definite" (Sandfield Oil & Gas Co., supra) or "formal" (Traigle, supra), it is the qualitative effect of the step(s) taken by a defendant which must be considered in a case to case approach to determine whether the defendant has waived the CCP Art. 561 abandonment.
A defendant's submission of the case for decision (Traigle); a belated answer of the petition (Geisenberger); and a motion to have plaintiff furnish security for costs of trial (Southport Petroleum) have been held to constitute a waiver of abandonment. These steps were held to have facilitated judicial resolution of each respective dispute on the merits and were construed as an expression of defendant's willingness or consent to achieve judicial resolution of the dispute.
We hold that the filings by Mr. Middleton after substitution of counsel in 1987 were obviously designed to effect and facilitate resolution of this dispute on the merits and that they legally operate to preclude him from raising the claim of abandonment. Traigle, at 534.
A person with a right of action against another may institute that action in a main or principal demand or, if a defendant in a pending action, in a reconventional demand in that pending action, regardless of the connexity between the principal and reconventional demands. CCP Arts. 1037, 1061. These articles, by not requiring connexity, "encourage the settlement of all disputes between the parties at one time." Comments, Art. 1061.
A dismissal of Ms. Middleton's principal demand would not affect Mr. Middleton's reconventional demand. CCP Art. 1039. Moreover, the Civil Code suggests that a co-owner's right to partition a thing held in common should not prescribe as long as the "community" or thing held in common is either acknowledged or proved (CC Art. 1304) and there has been no possession by a co-owner sufficient to acquire the thing by prescription (CC Art. 1321). Tucker v. Tucker, 150 So.2d 665 (La.App. 4th Cir. 1963).
Mr. Middleton's filings clearly compel the conclusion that he then desired to achieve judicial resolution of the long-standing dispute over the community estate that formerly existed between him and Ms. Middleton. Moreover, a dismissal of her principal demand at this juncture would serve no purpose other than to prolong judicial resolution of their respective claims. The fact that we have last emphasized Mr. Middleton's reconventional demand should not be understood to mean that our result would be different if no reconventional demand had been filed. Except for his motion to substitute counsel, his other 1987 filings are just as effective to constitute waiver.
Reversal of the trial court's judgment pretermits discussion of other assignments made by appellant. We grant Ms. Middleton's motion to strike from the record the deposition attached to Mr. Middleton's brief which he concedes was not introduced below and should be stricken.

DECREE
At appellee's cost, we reverse the trial court's judgment. We deny Mr. Middleton's CCP Art. 561 motion to dismiss and remand for further proceedings.

ON APPLICATION FOR REHEARING
Before HALL, MARVIN, JASPER E. JONES, FRED W. JONES, Jr., and NORRIS, JJ.
Rehearing Denied.