602 So.2d 163 (1992)
PRODUCTION SPECIALTIES, INC., Plaintiff-Appellee,
v.
CENTURY OIL TOOL COMPANY, INC., et al, Defendant-Appellant.
No. 91-251.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1992.
Harris & Racca, Michael A. Harris, Breaux Bridge, for defendant-appellant Century Oil Tool Co.
Perret, Doise, Daigle, Longman Russo & Zaunbrecher, Kenneth L. Hix, Lafayette, for plaintiff-appellee.
Before STOKER, J., and CULPEPPER[*] and SALOOM[*], JJ. Pro Tem.
KALISTE J. SALOOM, Jr., Judge Pro Tem.
The issue in this appeal is whether the trial court was correct in dismissing this suit on the basis of abandonment due to non-action for a period in excess of five years. After a review of the record, we reverse and remand.
On December 12, 1979, plaintiff-appellee, Production Specialties, Inc. filed a petition for declaratory judgment against Century Oil Tool Company and Jerry Raggio, asking the court to clarify the obligations among the parties under certain contractual agreements. On March 12, 1980, appellants Century and Raggio responded by filing an exception of lis pendens asking that appellee's petition be dismissed as there was currently a suit pending between the same parties in federal court involving the same cause of action and the same object.[1] The federal suit also included a *164 claim under the Sherman Act. Court minutes of May 26, 1981, reflect that counsel for the parties agreed to furnish written memoranda in letter form before submitting the exception of lis pendens for a decision by the trial judge. They failed to do so and no ruling on the exception emanated from the court.
There were no further steps taken in this case until August 18, 1989, when appellants filed an answer and reconventional demand.[2] Thereafter, appellee filed a motion and/or rule to show cause seeking the dismissal of this suit on the ground of abandonment. After a hearing, the trial court dismissed the suit. This appeal followed.
LSA-C.C.P. art. 561 provides:
Art. 561. Abandonment in trial and appellate court
A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, unless it is a succession proceeding:
(1) Which has been opened;
(2) In which an administrator or executor has been appointed; or
(3) In which a testament has been probated.
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court. Amended by Acts 1966, No. 36, § 1; Acts 1982, No. 186, § 1; Acts 1983, No. 670, § 1; Acts 1987, No. 149, § 1.
For more than five years afterwards or until the filing of the defendants' answer and reconventional demand on August 18, 1989, neither party undertook any steps in the prosecution or defense of this suit. The motion for dismissal of this suit for non-action as provided in LSA-C.C.P. art. 561(A) was filed by the plaintiff on June 11, 1990. This motion to dismiss came after defendant had filed an answer coupled with a reconventional demand against plaintiff. The court order of dismissal was made on July 1, 1990.
In discussing the application of LSA-C.C.P. art. 561(A), the Louisiana Supreme Court recognized the existence of pre-abandonment waiver and further acknowledged post-abandonment waiver resulting from a defendant's submission of its case for judgment. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983). Thus it is established in our jurisprudence that a defendant, in whose favor the abandonment would inure, could waive the abandonment by undertaking one or more steps in the "prosecution or defense" of the suit. Middleton v. Middleton, 526 So.2d 859 (La. App.2d Cir.1988). As observed in the Middleton Case, a belated answer to the petition was long ago held to constitute a waiver of abandonment, citing Geisenberger v. Cotton, 116 La. 651, 40 So. 929 (1906). We find that defendants, by filing an answer and reconventional demand after the expiration of the five year period of non-action, waived their right to plead abandonment.
However, in the instant case, it is the plaintiff, and not the defendants, who seeks to have the case declared abandoned. This is not an unusual situation in civil matters. See State of Louisiana, through Department of Highways v. Enserch Corporation, 559 So.2d 787 (La.App. 1st Cir.), writ denied, 567 So.2d 85 (La.1990). We note that plaintiff did not file its motion to dismiss until after defendants had undertaken belatedly two steps, viz. filing of an answer and their reconventional demand. Clearly plaintiff's motion to dismiss would *165 not affect the defendants' reconventional demand. Middleton v. Middleton, supra. LSA-C.C.P. art. 1039 provides:
"If an incidental demand has been pleaded prior to motion by plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action."
A reconventional demand is an incidental action.
LSA-C.C.P. art. 1031. In a reconventional demand, a defendant may urge against the plaintiff any action which he might have. LSA-C.C.P. art. 1061 and footnote. Moreover, it may be filed without leave of court at any time up to and including the time the answer is filed. LSA-C.C.P. art. 1033. As five years have not elapsed since the filing of defendants' reconventional demand, the plaintiff has no right to dismiss it. This right of dismissal rests with the reconvenors. Neither the plaintiff in the principal demand nor the trial court could dismiss the reconventional demand solely upon the grounds urged in the motion to dismiss. We acknowledge the right of the plaintiff to dismiss his own principal demand under LSA-C.C.P. art. 1671; however, we do not think it was plaintiff's intention to place himself in the undesirable position of dismissing his petition and defendants' answer, leaving only the reconventional demand. Such a result was certainly not intended by plaintiff and would merely serve to invite further litigation.
Therefore, we hold that the plaintiff may not have the reconventional demand dismissed on the basis of abandonment. The decision of the trial court is reversed and the case is remanded for further proceedings. Appeal costs are to be paid by Production Specialties.
REVERSED AND REMANDED.
NOTES
[*] Honorable William A. Culpepper, Retired, and Honorable Kaliste J. Saloom, Jr., participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.
[1] We point out that the appellants requested the wrong relief. Under LSA-C.C.P. art. 532, when a suit is pending in federal court, the Louisiana court may only stay its proceedings. It is only when the two suits are both in Louisiana courts that the party may seek to have one dismissed. LSA-C.C.P. art. 531.
[2] In the interim, the federal district court dismissed the federal suit. Century and Raggio were the plaintiffs in that suit. The United States Court of Appeal, Fifth Circuit affirmed on August 27, 1984.