[,WOODARD. Judge.
This is an appeal from a judgment granting plaintiffs exception of peremption to defendants’ reconventional demand. The issue before us is whether a reconventional de *501 mand filed against a corporation twelve years after the corporation began dissolution proceedings is subject to an exception of per-emption.
FACTS
On December 17, 1979, plaintiff, Production Specialties, Inc., filed a petition for declaratory judgment seeking a declaration of its legal relationship with defendants, Century Oil Tool Co., Inc. (Century) and Jerry Raggio. Defendants filed an exception of lis pendens which was never disposed of. No further action was taken on the case until August 18, 1989, when defendants filed an answer and reeonventional demand. Production Specialties responded with a motion to dismiss on the basis of abandonment. The trial court dismissed the suit; however, that decision was reversed by this court in June, 1992, and remanded for further proceedings, 602 So.2d 163.
On remand, Production Specialties filed an exception of peremption to Century and Jerry Raggio’s reeonventional demand, claiming the action was barred pursuant to the peremptive period provided in La.R.S. 12:147 D. The exception was heard by the trial court on January 31,1994 and judgment granting the exception of peremption was signed. February 24,1994. Century and Jerry Raggio appeal this judgment. We affirm.
ANALYSIS
Production Specialties is a Louisiana corporation that began dissolution proceedings in 1977. A certificate issued by the Secretary of State on July 22, 1992 establishes November 14, 1988 as the date Production Specialties was dissolved. Century and Jerry Raggio filed their reeonventional demand on August 18, 1989.
La.R.S. 12:147 establishes a three year peremptive period for claims against a corporation in liquidation. The statute provides in pertinent part:
D. All claims which would be enforceable by suit against the corporation except for the provisions of this subsection, on which suit has not been filed in a court of competent jurisdiction before the expiration of ■ three years after the proceeding for dissolution takes effect ... shall be barred perpetually and peremptorily.
Thus, Century and Jerry Raggio had three years after the proceeding for Production Specialty’s dissolution “took effect” to file their claim.
A proceeding for dissolution “takes effect” when the appointment of a liquidator “becomes operative.” La.R.S. 12:141 B(l). La. R.S. 12:142 B provides that the appointment of a liquidator becomes operative when:
(1) Notice of authorization of the dissolution, stating that the corporation is to be liquidated out of court and giving the name and post office address of each liquidator, had been published at least once in a newspaper of general circulation in the parish in which the corporation’s registered office is located, and a copy of such notice, with the affidavit of the publisher of the newspaper to the fact of such publication attached, has been filed with the Secretary of State; and
(2) A certificate that the dissolution has been authorized in accordance with this section, setting forth the manner of such authorization, has been signed by the president or a vice-president and the secretary or an assistant secretary of the corporation, acknowledged by one of the signing officers, and filed with the Secretary of State, who, after all fees and charges have been paid as required by law, shall record the same in his office, and endorse thereon the date of filing with him.
The record reflects the above requisites were met in December 1977. Thus, the three year peremptive period began to run from that date. Century and Jerry Raggio failed to file | atheir claim within the peremp-tive period, as it was not filed until August 18, 1989, almost twelve years after the proceeding for dissolution took effect.
CONCLUSION
For the foregoing reasons, the judgment of the trial court dismissing defendants’ recon-ventional demand is affirmed. Costs of this appeal are assessed to defendants-appellants.
AFFIRMED.