liCARAWAY, Judge.
The issue presented in this appeal is whether the defendant waived his right to plead abandonment by taking action inconsistent with an intent to treat the case as abandoned. For the reasons set forth below, we reverse the trial court’s decision holding that proceedings to partition community property had been abandoned under the provisions of La.C.C.P. art. 561.

Procedural Background

The parties, Flora Harris and Johnny R. Harris, married on July 13, 1964; they divorced on April 30, 1979. Ms. Harris filed a petition to partition community property in 1980, and Mr. Harris filed answers to inter *674 rogatories and made a general appearance; however, nothing further occurred in the case until July 22, 1994, when Ms. Harris filed another petition to partition community property. In response, Mr. Harris filed an answer along with a detailed descriptive list, and consented through counsel to a trial setting of August 29, 1995. Defendant and his counsel appeared in court on that day, entered stipulations and exhibits into evidence, and submitted the case for briefing and decision. Subsequently, the trial court rendered judgment in favor of Ms. Harris in an opinion dated October 16, 1995. That opinion awarded her an interest in Mr. Harris’s retirement, and ordered that the community home be sold in the partition. A judgment in accordance with the opinion was signed on December 4,1995.
On December 11, 1995, Mr. Harris filed a motion for new trial. Thereafter, prior to the court’s ruling on his motion for new trial, Mr. Harris filed on December 27, 1995, a motion to dismiss on grounds of abandonment for lack of prosecution. Briefs were submitted, and the trial court then reversed its initial decision, holding on February 21, 1996, that the partition proceedings brought by Ms. Harris had been abandoned under the provisions of La.C.C.P. art. 561. A judgment in |2accordance with the opinion was signed on April 19, 1996, and this appeal followed.

Discussion

Under the provisions of La.C.C.P. art. 561, an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. Nevertheless, our supreme court stated in Chevron Oil Company v. Traigle, 436 So.2d 530 (La.1983), that a court errs if it interprets Article 561 as indicating that the defendant, once abandonment has occurred, cannot do anything which can constitute a waiver. In Traigle, the court concluded that submission of an abandoned case for decision effects a waiver of the right to have the suit dismissed because of want of prosecution under Article 561.
In the instant case, as in Traigle, the case was submitted for a decision after a period of inactivity in excess of five years. Accordingly, we hold that any abandonment herein was waived. See also Middleton v. Middleton, 526 So.2d 859 (La.App. 2d Cir.1988), in which this court held that a defendant waived his claim of abandonment regarding a community property partition action, where he withdrew an earlier answer filed by a curator and filed a more detailed answer, reconventional demand, and discovery requests and responses after the former wife’s five-year period of inactivity.
Additionally, as we noted in Middleton, supra, a dismissal of the spouse’s demand for a partition would have served no purpose other than prolonging judicial resolution of the parties’ respective claims. The Civil Code recognizes that, in the absence of an agreement excluding partitions for no more than fifteen years, a co-owner’s right to partition a thing held in common is an incident of ownership and is absolute. La.C.C. art. 807.
|3Our judgment allowing this action to go forward does not effectively determine the merits of the partition action. Instead, upon remand this case will be before the district court on the pending motion for new trial filed by appellee.

Conclusion

For the reasons set forth above, we reverse the trial court’s judgment and remand for further proceedings. Costs are assessed to appellee.
REVERSED AND REMANDED.