|,SUSAN M. CHEHARDY, Judge.
This is a personal injury suit arising out of a 1998 accident on the Lake Pontchartrain Causeway Bridge. The suit was dismissed for abandonment. Plaintiffs filed a motion to vacate the order of dismissal, which was denied, and plaintiffs appealed. We reverse the denial of the motion to vacate and render judgment vacating the dismissal.
On January 3,1998 the plaintiffs, Arthur Bell and Brennon Bell, were traveling northbound on the Causeway Bridge. Due to foggy conditions, the bridge authority had restricted traffic to the right-hand lane. Mr. Bell decided to pull over into a crossover lane on the double-span bridge. As he crossed the left-hand lane toward the cross-over, his car was struck by a vehicle operated by Karl Kreider, who was traveling in the restricted lane. Kreider, a New Orleans police officer, had been given permission to use the restricted lane by a Causeway officer.
The accident resulted in convoluted litigation. On December 30, 1998 plaintiffs simultaneously filed suits in Orleans Parish [1] and Jefferson Parish[2] against Kreider, Desiree Gaudet (owner of the vehicle Kreider had been driving), and Allstate Insurance Company (their insurer).
|3On May 14, 2002 plaintiffs amended both suits to add as defendants Officer John Brock of the Greater New Orleans Expressway Commission (“GNOEC”); Timothy Fondren, director of GNOEC; and GNOEC. Also on May 14, 2002, plaintiffs filed a second suit in Jefferson against all six of the defendants.[3]
On November 8, 2002, the Orleans suit was transferred to Jefferson on an exception of improper venue.[4] On December 6, 2002, the second Jefferson suit was dismissed on the ground of prescription. Bell v. Kreider, 03-300 (La.App.9/16/03), 858 So.2d 58, writ denied, 03-2875 (La.1/9/04), 862 So.2d 986. On November 21, 2003, the transferred Orleans suit also was dis *650 missed on the ground of prescription. Bell v. Kreider, 03-1492 (La.App. 5 Cir. 12/29/03), writ denied, 04-613 (La.4/23/04), 870 So.2d 309.
In this case, the May 14, 2002 supplemental and amending petition was filed more than three years after the filing of the petition, which had been the' only step taken in prosecution of the ease.
On July 8, 2002, newly-added defendants Brock and GNOEC filed an Answer to the supplemental and amending petition.
On December 10, 2002, Brock and GNOEC filed an Ex Parte Motion to Dismiss for Abandonment, asserting they were entitled to have the action dismissed because plaintiffs had failed to take any step in prosecution of the action for a period of three years. The trial court signed the order of dismissal that same date.
On January 13, 2003, plaintiffs filed a Motion To Vacate Ex Parte Order of Dismissal. The district court denied the motion to vacate and plaintiffs appealed.
La.C.C.P. art. 561 provides the time frame for abandonment, as follows:
|4A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment....
Plaintiffs assert the trial court erred in granting the motion to dismiss, because defendants filed an answer into the record of the proceedings five months prior to their filing the motion for dismissal. Although the answer was filed after the three-year period under La.C.C.P. art. 561 expired, plaintiffs contend it served as an acknowledgement of plaintiffs’ claims, so as to waive defendants’ right to assert abandonment.
Plaintiffs rely on the case of Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, in which the supreme court found that the defendant insurer’s unconditional tender of benefits to satisfy statutory requirements[5] served as an acknowledgment and, thus, a waiver that recommenced running of the three-year abandonment period.
Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some “step” towards prosecution of their lawsuit. In this context, a “step” is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step. [Footnotes omitted; emphasis added.]
Clark, 00-3010 at pp. 5-6, 785 So.2d at 784.
isHowever, “unlike a plaintiff whose post-abandonment actions cannot serve to revive an abandoned action, a defendant’s post-abandonment actions can serve to waive his right to plead abandonment.” Clark, 00-3010 at p. 15, 785 So.2d at 789.
*651 The court noted that the unconditional tender was made during the three-year period, but was not filed into the record until after the three-year abandonment period had passed. Nevertheless, the court held, “Equity dictates recognizing the tender as an acknowledgment and thus within the waiver exception, which results in an interruption of abandonment and a recommencement of the abandonment period from the date of the tender.” Clark, 00-3010 at p. 21, 785 So.2d at 793.
In Production Specialties, Inc. v. Century Oil Tool Company, Inc., 602 So.2d 163, 164 (La.App. 3 Cir.1992), also cited by plaintiffs, the court found that that defendants, by filing an answer and reconven-tional demand after the expiration of the prescribed time period of non-action, waived their right to plead abandonment.
Unlike a plaintiff, a defendant’s post-abandonment actions can serve to waive his right to plead abandonment. Succession of Wright, 37,670 (La.App. 2 Cir. 9/24/03), 855 So.2d 926, 930, writ denied, 03-2969 (La.1/16/04), 864 So.2d 632. See also, Middleton v. Middleton, 526 So.2d 859 (La.App. 2d Cir.1988).
“It is the qualitative effect of the steps taken by defendant which must be considered in a case-to-case approach to determine whether the defendant has waived abandonment.” Gallagher v. Cook, 34,158 (La.App. 2 Cir. 12/15/00), 775 So.2d 79, 83. “Steps which have facilitated judicial resolution of the dispute on the merits and which could be construed as an expression of defendant’s willingness or consent to achieve judicial resolution of the dispute are legally operative to preclude him from raising the claim of abandonment.” Id.
| ^Defendants argue that their answer to the supplemental and amending petition was filed only to preclude entry of a default judgment and, thus, was not intended as a step in prosecution of the case. They assert they never formally or informally took any action that could be construed as an acknowledgement of the validity of plaintiffs’ claims, and only filed a form answer denying any liability for the accident or the alleged damages. Defendants contend that to hold their answer, which was filed only to prevent a default judgment from being rendered, “would allow a mere technicality to prevent the dismissal of a case that clearly warrants dismissal.”
We cannot determine the intent behind the filing of the answer, however, from the record before us. We can only determine that it was filed and that it is the type of pleading that does, in fact, hasten a lawsuit toward judgment. As such, although it was filed past the expiration of the three-year abandonment period, on its face it appears to be a waiver by the defendant of the accrual of abandonment.
 La.C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiffs suit. Clark, 00-3010, p. 8, 785 So.2d at 785. Given that dismissal is the harshest of remedies, the general rule is that any reasonable doubt should be resolved against dismissal for abandonment. Clark, 00-3010, p. 10, 785 So.2d at 787. Accordingly, we find the trial court erred in denying plaintiffs’ motion to vacate the order of dismissal.
For the foregoing reasons, the judgment is reversed. Judgment is rendered granting the motion to vacate the judgment of dismissal and the matter is remanded for further proceedings. Costs of appeal are assessed against the appellees.

REVERSED, RENDERED AND REMANDED

. No. 98-21985, Civil District Court, Parish of Orleans.

. No. 533-590, 24th Judicial District Court, Parish of Jefferson.

. No. 580-886, 24th Judicial District Court, Parish of Jefferson.

. After the transfer, the Orleans suit became No. 594-370, 24th Judicial District Court, Parish of Jefferson.

. Such an unconditional tender of policy benefits is known as a McDill tender, after McDill v. Utica Mutual Insurance Co., 475 So.2d 1085 (La.1985).