NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-36

WILLIE J. ZENO, SR.

VERSUS

WARREN A. PERRIN

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-994145
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Gerald C. deLaunay
Attorney at Law
P. O. Box 53597
Lafayette, LA 70505
Counsel for Defendant/Appellee:
    Warren A. Perrin

Willie J. Zeno, Sr.
Plaintiff/Appellant, In Proper Person
133 Ambroise St.
Lafayette, LA 70501

**PICKETT, J.**

The plaintiff, Willie J. Zeno, Sr., appeals a judgment of the trial court finding his suit against the defendant, Warren A. Perrin, abandoned pursuant to La.Code Civ.P. art. 561 and dismissing the suit . We affirm the judgment of the trial court.

**FACTS**

The plaintiff, Willie J. Zeno, Sr., pro se, filed a "PETITION FOR DAMAGES FOR LEGAL MALPRACTICE" against the defendant, Warren A. Perrin, on August 23, 1999. In response to the petition, the defendant filed a pleading entitled "DILATORY AND PEREMPTORY EXCEPTIONS" on September 7, 1999. No hearing on the motions was ever held. The record reveals that the next filed document, a motion by the plaintiff requesting a status conference, was not filed until April 18, 2007, more than seven years later. In as much as the exceptions remained outstanding and because the defendant had not answered the original petition, the plaintiff's motion for a status conference was denied without a hearing. Thereafter, on July 24, 2008, the plaintiff filed a "MOTION TO COMPEL" seeking to have the court order the defendant to answer "discovery pleadings" which the plaintiff had allegedly mailed to the defendant on February 18, 2008. A hearing on that motion was set for September 15, 2008. On September 8, 2008, the defendant filed a "MOTION TO DECLARE MATTER ABANDONED." At the September 15, 2008 hearing the court refused to rule on the motion to compel and set a hearing on the abandonment issue for October 20, 2008. In refusing to rule on the motion to compel, the court noted that if it found the case had been abandoned, then the motion to compel would be moot. Following the October 20, 2008 hearing, the trial court

1

entered judgment in favor of the defendant, ruling that the plaintiff's suit had been abandoned and dismissing it at the plaintiff's costs. This appeal followed.

**LAW AND ARGUMENT**

In his appellant's brief, the plaintiff devotes much of his argument explaining what led up to the filing of this suit. For the purpose of this appeal, those facts are immaterial. As we see it, the only issue before us is whether the time for abandonment begins to run anew if a party takes some action in the case's prosecution *after* the three-year abandonment period has run.

The key case on this issue, *Clark v. State Farm Mutual Automobile Insurance Co.*, 00-3010, pp. 5-6 (La. 5/15/01), 785 So.2d 779, 783-84, (footnotes omitted) states:

> The controlling statutory provision in this case is La. C. Civ. Pro. art. 561, which provides in part:
>
> A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding....
>
> (2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
>
> B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action....

2

Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.

Article 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order.

The court went on, in *Clark*, to discuss the history and purpose of abandonment and the difference between the parties' roles in abandonment. The court concluded that:

An inherent distinction has been noted between a *plaintiff's* acts in relation to abandonment and those of a defendant. Unlike a plaintiff whose *post-abandonment actions cannot serve to revive an abandoned action*, a defendant's post-abandonment actions can serve to waive his right to plead abandonment. "*Once abandonment has occurred, action by the plaintiff cannot breathe new life into the suit.*" *Maraist & Lemmon, supra* § 10.4 at 243. "*No 'definite action' by a plaintiff* or inaction by a defendant *after accrual of the [three-]year period can be construed as a waiver of abandonment* by the defendant, although a defendant by 'definite action' may waive the abandonment." *Middleton [v. Middleton*, 526 So.2d 859 (La.App. 2 Cir.1988)] at 860.

*Clark*, 785 So.2d at 789 (emphasis ours).

The record establishes that more than three years elapsed between the defendant's filing of his exceptions in September of 1999 and the plaintiff's filing of his motion for a status conference in April of 2007. Thus, that step taken by the plaintiff, more than three years after the three-year period for abandonment was insufficient to prevent the trial court's judgment of dismissal. *See Bertrand v. State ex rel. Dep't of Transp. and Dev.*, 02-1163 (La.App. 3 Cir. 2/5/03), 838 So.2d 136, *writ denied*, 03-634 (La.5/2/03), 842 So.2d 1105.

3

Accordingly, for the reasons stated, the judgment of the trial court is affirmed.

Costs of this appeal are assessed against the plaintiff/appellant, Willie J. Zeno, Sr.

**AFFIRMED.**