NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-52

RUFUS YATES, ET UX.

VERSUS

TIM WOERNER AND TAMMI WOERNER, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 108600
HONORABLE ANTHONY THIBODEAUX, DISTRICT JUDGE

**********

GARY J. ORTEGO
JUDGE

**********

Court composed of Gary J. Ortego, Ledricka J. Thierry, and Guy E. Bradberry, Judges.

AFFIRMED.

**Karl W. Bengtson**
**Bengtson Law Firm, LLC**
**P. O. Drawer 51147**
**Lafayette, LA 70505**
**(337) 291-9119**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Rufus Yates**
    **Connie Yates**

**Julian Louis Gibbens**
**Gibbens & Stevens**
**222 W. St. Peter St.**
**New Iberia, LA 70560**
**(337) 367-8451**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Descendants of Tim Woerner**

**Michael David Lopresto**
**Attorney at Law**
**203 West Main Street, Ste 200**
**New Iberia, LA 70560**
**(337) 367-3561**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Tammi Woerner**

**ORTEGO, Judge.**

In this civil action, the issue presented is whether the trial court correctly deemed a suit, initially filed in 2006, abandoned. Because we find that the trial court correctly found that a period of inaction in excess of three years occurred in 2018, we affirm the trial court judgment dismissing the appellants' petition for damages.

### FACTS AND PROCEDURAL HISTORY

This is appellants' action, as lessor, to recover the cost of repairs, renovation, and replacement of premises and equipment which, at the termination of the lease, lessees allegedly failed to return in the condition they were received. Suit was filed by appellants, Rufus and Connie Yates ("the Yates"), against defendants/appellees, Tim and Tammi Woerner ("the Woerners"),[1] on November 14, 2006.

Almost three years after the filing of the petition, the Yates sent discovery to the Woerners on July 7, 2009 and September 4, 2009. On October 30, 2009, the Yates filed a certificate into the court record that discovery was sent to the Woerners on these dates. The certificate further stated that on July 16, 2009, counsel for the Yates was served with an objection to discovery filed by the Woerners. On June 10, 2010, the Woerners *served* plaintiffs with the answer and reconventional demand to the original suit. However, the answer and reconventional demand was not *filed* with the clerk's office at that time. Apparently unaware that the answer and reconventional demand had not been filed, on June 14, 2012, the Yates filed exceptions to the Woerners' reconventional demand as well as an answer to the reconventional demand. The Yates did not follow up until 2015. Specifically, on June

---

[1] A business entity belonging to defendants—Gator Tracks, LLC—was also named a defendant in the Yates' original petition for damages.

17, 2015,[2] the Yates filed a motion to set exceptions for hearing and refiled their answer to the reconventional demand. At that time, counsel for the Yates were advised by the clerk that there was no reconventional demand in the record. Counsel for the Yates contacted counsel for the Woerners, and the Woerners thereafter filed the answer and reconventional demand on July 14, 2015. On July 27, 2015, the Woerners propounded discovery to the Yates. One of the original defendants, Tim Woerner, died in 2016, but the Yates remained unaware of this fact until 2021.

Additional steps in the litigation were not undertaken until 2018. Specifically, on July 12, 2018, counsel for the Yates allegedly served on the Woerners answers to discovery. Additionally, the Yates allegedly supplied supplemental discovery responses to the Woerners on July 21, 2018, which was memorialized in a certificate filed into the record of the court by counsel for the Yates on June 24, 2021.[3] At some point thereafter in 2019, the Woerners' counsel retired from the practice of law, but did not formally withdraw, and no replacement attorney enrolled. After Covid-19 restrictions eased, the Yates, unable to contact the since-retired counsel for the Woerners, filed a motion for pretrial conference on June 22, 2021. The conference was set for August 27, 2021, but the Woerners did not appear. Thereafter on September 15, 2021, the Yates filed a motion to fix the matter for trial, which was signed and set for November 10, 2021.

---

[2] The Yates filed a motion to set exceptions for hearing and an accompanying memorandum, as well as an answer to the Woerners' reconventional demand, on June 12, 2015; however, it was not signed. The Yates apparently re-filed this motion to set exceptions for hearing on June 17, 2015, which was signed on the same day.

[3] There is some confusion as to the exact dates that discovery requests or discovery answers were sent, as the only evidence of discovery that appears in the record are certificates filed by the Yates. The actual discovery documents, i.e., the interrogatories and requests for production or answers thereto, as well as any related correspondence, are absent from the record.

After filing that motion to fix for trial, as mentioned above, the Yates discovered one of the Woerners had died, and no motion to substitute party had been filed. Thereafter, on November 8, 2021, the Yates filed pleadings to assert their claim against the successors of the decedent as well as a reconventional demand against the Woerners' pending demand. This reconventional demand to the Woerners' reconventional demand reasserted the claims the Yates made in their original petition for damages.[4]

On November 10, 2021, the Woerners sought dismissal of the action, asserting that "the filing of the [m]otion for a pre-trial conference on June 22, 2021 was in excess of three years from the July 21, 2015 [filing] or [the] June 21, 2018."[5] The proposed judgment in the motion to dismiss was signed by the trial court and recognized two possible dates of abandonment: July 21, 2015 or June 21, 2018.[6]

On December 16, 2021, a motion to reinstate was filed by the Yates. The Woerners filed an objection to the motion to reinstate on May 27, 2022. A hearing was held on July 18, 2022. On July 9, 2022, the trial court denied the Yates' motion to reinstate. It is from this judgment and the judgment dismissing the Yates' petition for damages that the Yates appeal.

---

[4] A duplicate of this pleading was filed into the record on November 12, 2021.

[5] As noted in footnote three, some of the dates of certain actions, particularly discovery, are unclear from the record. The date appears to refer to the discovery responses allegedly sent by the Yates in 2018. However, the Yates allege that these responses were sent on July 21, 2018, rather than June 21, 2018.

[6] The trial court did not specify in the judgment or in open court precisely which date, or whether both dates, were dates on which the matter was abandoned.

## ASSIGNMENTS OF ERROR

The Yates assert seven assignments of error:

1) The trial court erred in failing to account for those steps in prosecution taken by the Yates, including discovery, which interrupted the time period set by Art. 561.

2) The trial court erred in concluding the Yates' exceptions filed prior to the Woerners' answer and reconventional demand was not a step in prosecution.

3) The trial court erred in failing to find that the Woerners' subsequent filing of their answer and reconventional demand waived any accrued delays in prosecution even if the Yates' "premature" exception was not a step in prosecution.

4) The trial court erred in failing to consider the discovery conducted in 2015 and 2018 as steps in prosecution.

5) The trial court erred in failing to consider the Yates' motion for pretrial conference as a step in prosecution.

6) The trial court erred in failing to consider the Yates' filing of their reconvention against the Woerners and adding the successors of the deceased Tim Woerner (one of the original defendants) as additional parties as waiver of any delays in the prosecution or defense of these actions.

7) The trial court erred in failing to follow this court's holding that an incidental action, including a reconventional demand, not only waives accrued delays for prosecution but also survives a dismissal of the original demand, thus serving as a step in prosecution, keeping the dispute before the Court.

## STANDARD OF REVIEW

The standard of review applied to abandonment cases is a manifest error review.

> Whether a step in the prosecution or defense of a case has been taken in the trial court for a period of three years is a question of fact subject to manifest error analysis; by contrast, whether a particular act, if proven, [interrupts] abandonment is a question of law that is examined by ascertaining whether the trial court's conclusion is legally correct.

*Martin v. Nat'l City Mortg. Co.*, 52,371, p. 4 (La.App. 2 Cir. 11/14/18), 261 So.3d 144, 147, *writ denied*, 18-2046 (La. 2/11/19), 263 So.3d 435.

4

# LAW AND DISCUSSION

The supreme court recently explained the operation of La.Code Civ.P. art. 561:

> Pursuant to La. C.C.P. art. 561(A)(1), an "action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." In order to avoid abandonment: (1) a party must take some "step" in the prosecution or defense of the action, (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit, and (3) the step must be taken within three years of the last step taken by either party. A "step" is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. Sufficient action by either plaintiff or defendant will be deemed a step.

*Williams v. Montgomery*, 20-1120, pp. 4–5 (La. 5/13/21), 320 So. 3d 1036, 1041(citations omitted). The court noted further that the purpose of La.Code Civ.P. art. 561 is to prevent protracted and/or harassing litigation:

> [T]he purpose of Article 561 is the prevention of protracted litigation filed for purposes of harassment or without a serious intent to hasten the claim to judgment. Abandonment is not a punitive concept; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court and not to lose same by some technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription. *Id.* Article 561 is to be liberally construed in favor of maintaining a plaintiff's action, and any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. However, while the intention of Article 561 is not to dismiss actions as abandoned based on technicalities, abandonment is warranted where plaintiff's inaction during the three-year period has clearly demonstrated his abandonment of the action. Abandonment functions to relieve courts and parties of lingering claims by giving effect to the logical inference that a legislatively-designated extended period of litigation inactivity establishes the intent to abandon such claims. When the parties take no steps in the prosecution or defense of their claims during that legislatively-ordained period, the logical inference is that the party intends to abandon the claim and the law gives effect to this inference.

*Id*. (citations omitted).

The Yates essentially argue that the trial court failed to recognize that certain actions taken by the Yates, specifically, the answers to the Woerners' discovery, as well as their 2021 motion for pretrial conference and motion to fix trial, constituted "steps" in the prosecution of the matter. Additionally, the Yates argue that certain steps taken by the Woerners, including their answer to the original petition for damages, constitute "steps" such that the abandonment period was interrupted or waived. Furthermore, the Yates argue that even if their original claims have been abandoned, the Woerners' reconventional demand survives, as well as the Yates' claims in reconvention to the Woerners' reconventional demand.

The Woerners argue that the Yates have not made a serious effort to move this matter to conclusion, and they argue that action is taken by the Yates approximately every three years to keep the matter from being subject to abandonment under La.Code Civ.P. art. 561. The Woerners further contend that the continued actions of the Yates suggest they have protracted this litigation for the purpose of harassing the Woerners.

In more specifically addressing the parties' arguments, we find that it is useful to divide the timeline of events into two periods, in excess of three years, where possible abandonment occurred: June 10, 2010 to July 13, 2015, and July 27, 2015 to June 22, 2021.

Within the discussion of these time periods, we address the Yates' assignments of error one through four. Assignments of error five through seven are addressed together in a separate section of this opinion.

6

**ASSIGNMENTS OF ERRORS ONE TO FOUR**

*June 10, 2010 to July 13, 2015*

During the period of June 10, 2010 to July 13, 2015 as mentioned above, the only action appearing on the record is that of the Yates filing their June 14, 2012 exception to the Woerners' answer and reconventional demand. However, also as noted above, the Woerners' answer and reconventional demand, which had been *served* on the Yates, had not yet been filed. Additionally, there was no order fixing the exception for hearing and, to date, it has not been heard.

The Yates concede that if the court ignores their 2012 filing of the exceptions to the reconvention, there would have been a lapse of three years. However, they argue that this was due to the Woerners' failure to file the answer and reconventional demand. Additionally, the Yates argue that the Woerners' subsequent filing of these pleadings in July 2015, waived any potential period of abandonment and would serve to restore the Yates' original action despite the delay.

The Woerners maintain and argue that La.Code Civ.P. art. 561 and the jurisprudence require that the "step" must be in the prosecution or defense of the action; thus, the exception, filed in response to a non-existent pleading (i.e., the served, but not filed, answer and reconventional demand), fails to meet that requirement. Because the answer and reconventional demand had not been filed by the Woerners, the exception could not advance the prosecution of the Yates' claim. As a result, the lack of required action during the period June 10, 2010 to July 13, 2015, being a period in excess of three years, is sufficient to support the abandonment period.

The supreme court has stated that the *defense* taking a step in litigation waives the abandonment claim:

> Construing Comment (c) to Article 561, former Justice (then Judge) Tate expounded that "an ex parte dismissal may be rescinded by rule to vacate it upon a showing that *a cause outside the record* prevented accrual of the five years required for abandonment." Only two categories of causes outside the record are permitted; namely, those causes falling within the two jurisprudential exceptions to the abandonment rule. Those two exceptions are: (1) a plaintiff-oriented exception, based on *contra non valentem*, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.

*Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 7 (La. 5/15/01), 785 So.2d 779, 784–85. Here, because the Woerners ultimately *did* file the answer and recoventional demand that had been served on the Yates, we find they have waived their abandonment claim for this period of time.

*July 27, 2015 to June 22, 2021*

On July 27, 2015, the Woerners sent interrogatories and requests for admission to the Yates. The Yates allege that on July 12, 2018, they served the Woerners' counsel with answers to the discovery, suggesting that the answers would be sufficient to interrupt the abandonment period. Additionally, they argue that they submitted supplemental discovery responses to the Yates on July 21, 2018.

As to whether the discovery answers constitute a "step" in the prosecution of this matter, the Woerners argue that it is the discovery *request*, not the answer thereto, that is the action that constitutes the "step" in the prosecution or defense of claim. Allowing the answers to discovery to constitute a "step" would allow a party, by its own off-the-record actions, to effectively turn a three-year abandonment period into a six-year abandonment period without ever moving the case forward to

conclusion. In support, they cite *Hica Steel Foundry & Upgrade Co. v. Arklatex Env't Consultants, Inc.*, 39,460 (La.App. 2 Cir. 4/6/05), 899 So.2d 802, 805, wherein the second circuit found that completion and delivery of a transcript of a deposition did not constitute steps in prosecution of case that would interrupt abandonment period, stating:

> In [*Williams v. Abadie*, 03-0605 (La.App. 4 Cir. 9/24/03), 857 So.2d 1118], the court held, *inter alia*, that the taking of a deposition, not the deponent's signing of it, constituted a "step" in the prosecution of the case. The *Williams* court further held that, given the inaction and delays apparent from the record, there was no real intent to hasten the matter to conclusion. The record in the case *sub judice* reflects a similar situation.
> Without the answers to discovery sent by the Yates, there was nothing, on or off the record, that moved the case forward during the period from July 28, 2015 to June 22, 2021.

The Yates, on the other hand, argue that the Woerners are not only defendants, but also plaintiffs-in-reconvention, as the Woerners not only filed an answer, but a reconventional demand, as well. Therefore, any act taken by either party that moves either the principal claims or the reconventional claims forward, such as formal discovery, serves as a "step" in the prosecution of the reciprocal claims asserted by both parties. Thus, if the answer and reconventional demand filed by the Woerners restarted the three-year period for abandonment, the submission of the Yates' answer to discovery in 2018, as defendants-in-reconvention, restarted the three-year clock.

The trial court did not issue written reasons with its judgment or in open court. The "steps" that the Yates argue occurred consist of discovery responses submitted to the Woerners in 2018. However, there is no evidence in the record of such discovery having been submitted save for the certificates filed into the record by counsel for the Yates.

9

As noted above:

> Whether a step in the prosecution or defense of a case has been taken in the trial court for a period of three years is a question of fact subject to manifest error analysis; by contrast, whether a particular act, if proven, [interrupts] abandonment is a question of law that is examined by ascertaining whether the trial court's conclusion is legally correct.

*Martin*, 52,371, p. 4, 261 So.3d at 147. Though the trial court's judgment contains two separate dates that abandonment had occurred, it is certainly within the trial court's discretion to find that the Yates failed to meet their burden of proof in demonstrating that the submission of discovery responses occurred in 2018. Pursuant to manifest error standard of review, the trial court's ruling should not be reversed unless it is clearly wrong. Thus, we find no merit in the assignments of error that the trial court failed to take into consideration discovery actions occurring in 2018.

After a review of the record, we find the trial court did not manifestly err in its finding that the Yates failed to take any action which would constitute a "step" in prosecution of these proceedings or that they showed any real intent to hasten this matter to conclusion during this period of July 27, 2015 to June 22, 2021, specifically as of June 21, 2018,[7] as found by the trial court; thus, these assignments of errors are without merit.

## ASSIGNMENTS OF ERRORS FIVE TO SEVEN

As the assignments of error five through seven are interwoven in argument, we will address them together.

---

[7] As noted in footnote three above, the dates of discovery are unclear, and it is unclear what significance the June 21, 2018 date holds. This appears to refer to the alleged July 21, 2018 discovery responses sent by the plaintiffs. However, as we discussed previously, the trial court apparently did not find that any of the 2018 discovery responses by plaintiff constituted a step in the prosecution.

Basically, the Yates argue that the trial court erred in failing to consider the June 2021 motion for pretrial conference as a step in the prosecution; specifically, it preserved the Woerners' claims in reconvention, if not the Yates' original claims. Relatedly, the Yates also argue that the trial court erred in failing to follow this court's holding that an incidental action, including a reconventional demand, not only waives accrued delays for prosecution, but also survives a dismissal of the original demand, thus serving as a step in the prosecution, keeping the dispute before the court.

In support, they cite *Prod. Specialties, Inc. v. Century Oil Tool Co, Inc.*, 602 So.2d 163, 164–65 (La.App. 3 Cir. 1992) (citation omitted), wherein this court stated:

> We note that plaintiff did not file its motion to dismiss until after defendants had undertaken belatedly two steps, *viz.* filing of an answer and their reconventional demand. Clearly plaintiff's motion to dismiss would not affect the defendants' reconventional demand. LSA-C.C.P. art. 1039 provides:
>
> > "If an incidental demand has been pleaded prior to motion by plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action."

A reconventional demand is an incidental action.

The Yates further argue that even if the filing of the motion for pretrial conference and motion to fix for trial did not prevent abandonment, their reconventional demand to the Woerners' reconventional demand, timely filed, and involving the same dispute, re-opened the actions arising from the original contract. Because the Woerners' incidental recovention was not abandoned, it must be tried, and with it, the reciprocal incidental reconvention filed by the Yates.

However, we find *Prod. Specialties, Inc.* distinguishable principally because in that matter the *plaintiff* sought to dismiss the reconventional demand filed by defendants. Here, it is the *defendants* to the principal demand seeking to dismiss the plaintiffs' original claims with no effort to maintain their incidental demands.

Furthermore, the supreme court has stated that a plaintiff's actions cannot keep a suit alive once the three-year abandonment period has lapsed:

> An inherent distinction has been noted between a plaintiff's acts in relation to abandonment and those of a defendant. Unlike a plaintiff whose post-abandonment actions cannot serve to revive an abandoned action, a defendant's post-abandonment actions can serve to waive his right to plead abandonment. "Once abandonment has occurred, action by the plaintiff cannot breathe new life into the suit." "No 'definite action' by a plaintiff or inaction by a defendant *after* accrual of the [three-]year period can be construed as a waiver of abandonment by the defendant, although a defendant by 'definite action' may waive the abandonment."

*Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779, 789 (citations omitted). Thus, the Yates' actions in filing motions for pretrial conference and to fix the matter for trial in 2021 cannot revive these already-lapsed claims in 2018.

Additionally, the supreme court in *Clark* recognized that in analyzing whether an action taken by a party constitutes a waiver of abandonment, that "courts consider substance over form" and that it is the "qualitative effect of the defendant's conduct" that matters in a waiver analysis, regardless of the form or formality that conduct may take. *Clark*, 785 So.2d at 792–93. Thus, the trial court findings that this matter lapsed in the period between 2015 and 2021, specifically as of June 21, 2018, is in line with the supreme court's statement in *Clark*.

## CONCLUSION

After a review of this entire record, it is clear that since 2006 the Yates have failed to make any serious effort to bring this matter to judgment, and specifically, since 2015, failed to take any significant "step" in prosecution of this case. Additionally, it is also clear that the Woerners have not seriously pursued bringing their claims and reconventional demands to judgment. Thus, we find the trial court did not manifestly err in its finding that the Yates failed to take any action which would constitute a "step" in prosecution of these proceedings or that they showed any real intent to hasten this matter to conclusion during the period of July 27, 2015 to June 22, 2021.

Therefore, we find that the trial court did not manifestly err in dismissing the Yates' claims as abandoned and denying their motion to reinstate this action.

## DECREE

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Rufus and Connie Yates.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.